712 F.2d 931
 113 L.R.R.M. (BNA) 3537
 AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO, LOCAL
1923, Appellant,
v.
UNITED STATES of America, DEPARTMENT OF HEALTH AND HUMAN
SERVICES; Richard S. Schweiker, Secretary,
Department of Health and Human Services,
Appellees.
 No. 82-2036.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 12, 1983.
Decided July 22, 1983.
 
 Charles Lee Nutt, Baltimore, Md. (Clements & Nutt, Baltimore, Md., on brief), for appellant.
 Elizabeth H. Trimble, Asst. U.S. Atty., Baltimore, Md. (J. Frederick Motz, U.S. Atty., Baltimore, Md., on brief), for appellees.
 Before WINTER, Chief Judge, CHAPMAN, Circuit Judge, and TURK,* District Judge.
 PER CURIAM:
 
 
 1
 Appellant union represents the approximately 20,000 bargaining unit employees of the Social Security Administration Headquarters in Baltimore, Maryland. Only 5,000 to 6,000 of the employees are members of the union. In order to communicate directly with all bargaining unit employees, and because respondents had sometimes frustrated the union's attempted communications through indirect, employer-controlled means, the union filed a demand for information, including the employees' home addresses, under the Freedom of Information Act, 5 U.S.C. § 552. The employer refused to release the addresses on the ground that to do so would constitute a "clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Appellant then instituted an action challenging the employer's refusal to supply the information in the United States District Court for the District of Maryland.
 
 
 2
 The District Court held a hearing on the parties' cross motions for summary judgment, and on the union's motion for injunctive relief. A union official testified that management had frustrated union attempts to communicate with employees by arbitrarily censoring the union's newsletter, which the employer was bound to distribute. The union official also testified as to other problems encountered by the union in its attempts to communicate directly with the employees. After hearing argument from counsel, the District Court entered judgment for respondents.
 
 
 3
 In evaluating the information sought for the purposes of § 552(b)(6), the court below was correct in balancing the employees' right to privacy against the public interest in disclosure. Department of the Air Force v. Rose, 425 U.S. 352, 372, 96 S.Ct. 1592, 1604, 48 L.Ed.2d 11 (1976). We agree that the balance of all factors favors nondisclosure. Employees have a strong privacy interest in their home addresses. Disclosure could subject the employees to an unchecked barrage of mailings and perhaps personal solicitations, for no effective restraints could be placed on the range of uses to which the information, once revealed, might be put. Further, even granting that collective bargaining is a matter of grave public concern, any benefits flowing from disclosure of the information sought would inure primarily to the union, in a proprietary sense, rather than to the public at large. Finally, as the District Court noted, alternative means of communication are available to the union, such as its bulletin board and indirect distribution through the employer.[1] In addition, the union may bargain for the addresses when its next contract is negotiated, and counsel indicated, at oral argument, that this was its intention.
 
 
 4
 Further, the records sought are not of the type that must be disclosed under § 552(a)(3). Only "agency records" must be disclosed. Forsham v. Harris, 445 U.S. 169, 178 n. 8, 100 S.Ct. 978, 983 n. 8, 63 L.Ed.2d 293 (1980). The purpose of the Act is " 'to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny ....' " Department of Air Force v. Rose, 425 U.S. at 361, 96 S.Ct. at 1599, quoting from Court of Appeals decision, 495 F.2d 261, 263 (2d Cir.1974). The term "agency records" includes only those created or compiled by an agency "in the course of doing its work ...." Forsham v. Califano, 587 F.2d 1128, 1136 (D.C.Cir.1978), aff'd sub nom Forsham v. Harris, 445 U.S. 169, 100 S.Ct. 978, 63 L.Ed.2d 293 (1980). The home addresses sought by appellant have nothing to do with the agency's "work," and disclosure thereof would shed no significant light on the agency's inner workings.[2]
 
 
 5
 Accordingly, we conclude that the District Court did not err in dismissing the complaint.[3]
 
 
 6
 AFFIRMED.
 
 WINTER, Chief Judge, dissenting:
 
 7
 I agree with the majority that the formula for a proper decision of this case is the balancing of the employees' right to privacy against the public interest in disclosure.[1] When I balance the employee's right to privacy against the public interest to disclosure in this case, I conclude that the balance tilts in favor of disclosure. I therefore respectfully dissent.
 
 
 8
 The right to privacy in one's home address is an interest of little value. We held in Robles v. Environmental Protection Agency, 484 F.2d 843 (4 Cir.1973), that while Exemption 6 of 5 U.S.C. § 552(b) encompassed the names and addresses of homeowners residing in dwellings where uranium tailings were used as fill dirt, the thrust of Exemption 6 was to protect things that "contain 'intimate details of a highly personal nature.' " Id. at 845. Thus, although protected to some extent, disclosure of the names and addresses should therefore be denied only when disclosure would constitute a " 'clearly unwarranted invasion of personal privacy.' " Id. Reliance was placed on Getman v. NLRB, 450 F.2d 670, 675 (D.C.Cir.1971). In Getman, law professors engaged in a labor voting study sought to compel the Board to provide them with the names and addresses of employees eligible to vote in certain elections. They wished to request such employees to accede to an interview. Their right to obtain the requested information was upheld, the court saying:
 
 
 9
 [A]lthough a limited number of employees will suffer an invasion of privacy in losing their anonymity and in being asked over the telephone if they would be willing to be interviewed in connection with the voting study, the loss of privacy resulting from this particular disclosure should be characterized as relatively minor.
 
 
 10
 Id. at 674-75 (footnote eliminated).
 
 
 11
 The common sense of the decisions in Robles and Getman is readily apparent. With rare exception, there is little privacy in one's name and home address. Such information is a matter of public record in motor vehicle registration and licensing records, voting lists, and real property records. Other sources from which it may often be obtained are telephone directories and city directories. In short, it is the rare individual who has any real privacy interest in the identity of his residence.
 
 
 12
 On the other arm of the balance, I think that there is a substantial public interest. The union has between 5,000-6,000 members, but it is the certified exclusive bargaining representative of approximately 15,000-17,000 bargaining unit employees. Thus it is presently unaware of the place of residence of 10,000-12,000 employees that it is obligated to represent.[2] Of course it knows that these employees work in one of fifteen buildings at Social Security Administration Headquarters, but the record shows beyond peradventure of doubt that communications between the union and its non-member constituents cannot be carried on satisfactorily at their place of work. Its communications are censored by the employer, and they have been delayed to the point that they are untimely. The union is prohibited from distributing communications during working hours, and the buildings are locked during non-duty hours.
 
 
 13
 The union is not a mere interloper in the Social Security Administration Headquarters. By the enactment of 5 U.S.C. § 7101, Congress has determined that "labor organizations and collective bargaining in the civil service are in the public interest." As I previously stated, this union is the certified collective bargaining agent. As such, it is under a duty to represent all employees in the unit whether they are union members or not. 5 U.S.C. § 7114(a)(1). The necessity of direct communication with those it is statutorily obligated to represent is to me apparent. I think it has a duty to advise its constituents of its activities, and it may wish to seek an expression of their views, by soliciting them as members or otherwise. Thus I would conclude that disclosure of the addresses of employees it represents to the union is in the interest of the union and in turn in the public interest.
 
 
 14
 In summary, I perceive the balance between the competing interests in this case to be in favor of disclosure. I would reverse the judgment of the district court and require disclosure.
 
 
 
 *
 Honorable James C. Turk, United States District Judge for the Western District of Virginia, sitting by designation
 
 
 [1]
 As to this latter method of communication, we strongly disapprove of any censorship, such as the type alleged by appellant, by the respondents
 
 
 [2]
 The information might conceivably be relevant to some public aspect of respondents' activities, such as the agency's hiring practices. The usefulness of the information toward that end, however, would be extremely remote
 
 
 [3]
 Appellant may be entitled to this information under some other federal law. See, e.g., Prudential Insurance Company of America v. N.L.R.B., 412 F.2d 77 (2d Cir.) (employer must comply with union request for names and addresses of bargaining unit employees under National Labor Relations Act), cert. denied, 396 U.S. 928, 90 S.Ct. 263, 24 L.Ed.2d 226 (1969). We hold only that the Freedom of Information Act is not a proper vehicle for the disclosure of that information
 
 
 [1]
 The opinion of the majority also suggests that only data shedding light on an agency's inner workings is obtainable under the Freedom of Information Act. If this is the majority's holding, I emphatically disagree. The unbroken course of decisions indicates that any data is disclosable unless it falls within a specified statutory exception. See, e.g., NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 220-21, 98 S.Ct. 2311, 2316-17, 57 L.Ed.2d 159 (1978); EPA v. Mink, 410 U.S. 73, 79-80, 93 S.Ct. 827, 832, 35 L.Ed.2d 119 (1973). In my view we have no authority to base our decision on grounds of policy
 
 
 [2]
 Defendants agreed, before suit was filed, to give the union the names of employees in the bargaining unit