836 F.2d 1139
 127 L.R.R.M. (BNA) 2360
 The UNITED STATES DEPARTMENT OF AGRICULTURE and the Farmers
Home Administration Finance Office, St. Louis,
Missouri, Petitioners,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent.
American Federation of Government Employees, Intervenor.
The UNITED STATES DEPARTMENT OF DEFENSE and Defense Mapping
Agency Aerospace Center, St. Louis, Missouri, Petitioners,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent.
National Federation of Federal Employees, Intervenor.
 Nos. 86-2579, 87-1024.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 1, 1987.
Decided Jan. 15, 1988.
Rehearing and Rehearing En Banc Denied Feb. 24, 1988 and
April 1, 1988.
 
 Al Daniel, Jr., Washington, D.C., for petitioners.
 William Persina & Joseph Henderson, Washington, D.C., for respondent.
 Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.
 HENLEY, Senior Circuit Judge.
 
 
 1
 These cases present the question whether federal agencies committed an unfair labor practice by refusing to release to labor unions the names and addresses of bargaining unit employees. The agencies challenge rulings by the Federal Labor Relations Authority requiring disclosure of the names and addresses. We affirm the Authority's decisions, subject to one reservation.
 
 
 2
 The president of the American Federation of Government Employees, Local 3354, requested in a letter to the Director of the Farmers Home Administration Finance Office (FmHA) a list of the names and home addresses of approximately 903 employees, the majority of whom were not union members. The union asserted a need for the names and addresses for purposes of bargaining, dealing with unspecified problems, and conducting membership drives. FmHA refused to disclose the information, claiming that, under the provisions of the Privacy Act, 5 U.S.C. Sec. 552a(b), the information could not be disclosed without the employees' consent.
 
 
 3
 The president of Local 3354 then filed with the Authority an unfair labor practice charge against the FmHA. In turn, the Authority's General Counsel filed a complaint against the FmHA. The administrative law judge ruled that the names and addresses were not subject to disclosure, as they were not "necessary for a full and proper discussion, understanding, and negotiation of subjects within the scope of collective bargaining" under 5 U.S.C. Sec. 7114(b) of the Federal Service Labor-Management Relations Act (FSLMRA). The judge did not pass upon the agency's claim that disclosure would violate the Privacy Act.
 
 
 4
 The Authority affirmed the Administrative Law Judge's decision. The Authority also concluded that federal employees' privacy interests in their home addresses outweighed the union's need for the information. The union filed a petition for review with the District of Columbia Circuit pursuant to 5 U.S.C. Sec. 7123(a). Before briefing was completed, the Authority moved for and was granted a remand in order to determine whether the "routine use" exception to the Privacy Act applied. 5 U.S.C. Sec. 552a(b)(3).
 
 
 5
 On remand the Authority reversed its previous decision and determined that the names and home addresses must be disclosed to the union. The Authority found that the requested information qualified for the "routine use" exception, and reversed its position on the Privacy Act question. The Authority also found that the information was "necessary" for collective bargaining under 5 U.S.C. Sec. 7114(b). FmHA petitions this court for review pursuant to 5 U.S.C. Sec. 7123(a); the Authority cross-petitions for enforcement of its orders. Sec. 7123(b).
 
 
 6
 The National Federation of Federal Employees requested the names and home addresses of bargaining unit employees of the Defense Mapping Agency Aerospace Center at St. Louis. A course of events similar to that described in the FmHA case transpired. Although the Administrative Law Judge found that the union had no adequate alternative means of communication, the Authority reversed that factual finding and determined that adequate alternatives existed. Relying on its reasoning in the initial FmHA decision, the Authority further concluded that "the employees' strong privacy interest in their home addresses" outweighed the union's need for the information.
 
 
 7
 The union petitioned this court for review. As in the FmHA case, the Authority moved for a remand, which we granted, to consider the "routine use" question. Following its decision on remand in the FmHA case, the Authority reversed its prior position in the Defense Mapping case as well. Again, the Agency petitions for review, the Authority for enforcement.
 
 
 8
 The standards for our review of the Authority's decisions were set forth in United States Department of Agriculture v. FLRA, 691 F.2d 1242, 1246-47 (8th Cir.1982), cert. denied, 464 U.S. 1007, 104 S.Ct. 523, 78 L.Ed.2d 707 (1983). To summarize, we will set aside the Authority's action only if we find it "arbitrary, capricious, or an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. Sec. 706(2)(A). We may not reject a reasonably defensible construction of the statute by the agency merely because we would have decided differently; we owe deference to the Authority's interpretation of its enabling statute if it has a "reasonable basis in law." NLRB v. Hearst Publications, Inc., 322 U.S. 111, 131, 64 S.Ct. 851, 860, 88 L.Ed. 1170 (1944); see USDA, 691 F.2d at 1247. Nevertheless, statutory questions find their final resolution in the courts, whose duty it is to conform administrative decisions to the congressional mandate. USDA, 691 F.2d at 1247.
 
 5 U.S.C. Sec. 7114(b) provides:
 
 9
 The duty of an agency and an exclusive representative to negotiate in good faith ... shall include the obligation--
 
 
 10
 ....
 
 
 11
 (4) in the case of an agency, to furnish to the exclusive representative involved, ... upon request and, to the extent not prohibited by law, data--
 
 
 12
 ....
 
 
 13
 (B) which is reasonably available and necessary for full and proper discussion, understanding, and negotiation of subjects within the scope of collective bargaining....
 
 
 14
 Thus, we must determine whether the names and addresses sought by the unions are data that are necessary to the collective bargaining process. "Collective bargaining" is defined as the process by which the parties attempt to reach agreement over "conditions of employment affecting [the] employees...." 5 U.S.C. Sec. 7103(a)(12).
 
 
 15
 The appellant agencies argue that the Authority erred in concluding that the requirements of 5 U.S.C. Sec. 7114(b) were satisfied. The agencies contend that the home addresses are not "data" subject to disclosure, as they do not concern "conditions of employment." The Authority reasoned that disclosure was necessary as it would allow the union to communicate directly with employees at home without interference from the agency. Furthermore, disclosure would enable employees to peruse union communications free of any constraints of time or management presence that might occur in the workplace. The agencies argue that these factors affect only the quality of the relationship between the union and bargaining unit members, and are not related to the process of contract negotiation.
 
 
 16
 The argument of the agencies has merit with respect to some of the unions' stated goals in seeking to obtain the addresses. For example, the use of the lists for the purpose of soliciting new members is only tenuously related to the process of contract negotiation as defined in the statute. However, the unions also seek the information for the purpose of soliciting employees' views and keeping them informed on collective bargaining matters. The intervenor unions correctly point out that they are statutorily obligated to represent the interests of all members of the bargaining unit, regardless of union membership. 5 U.S.C. Sec. 7114(a)(1). The Authority has determined that, in order for a union to properly represent the employees, it must be able to communicate with them. We agree. Thus, Sec. 7114(a)(1) provides a statutory basis entitling the union to some effective means of communication with unit employees.
 
 
 17
 Consequently, the issue is not whether the addresses are "data" relevant to collective bargaining; rather, we must decide the question whether to uphold the Authority's determination that disclosure to the union is necessary to fair and effective bargaining and representation. Sec. 7114(b). The agencies argue that the Authority's reversal of its prior stance is unexplained, and hence, arbitrary and capricious. We would agree that the Authority has done little in the way of providing factual findings to justify its present position. Nevertheless, the Authority reached that position after extensive public comment solicited by notice in the Federal Register. The Authority concluded, as we have noted, that direct communication with employees at home without the possibility of interference by management will best serve the purposes underlying the labor statute. We cannot say that the Authority's position is irrational; consequently, we do not find it arbitrary or capricious. To that extent, we are in accord with the recent decision by the Fourth Circuit in United States Department of Health & Human Services v. FLRA, 833 F.2d 1129, 1133 (4th Cir.1987). We likewise concur in the Fourth Circuit's caveat that disclosure is not required when it would present an imminent danger to employees. Id.
 
 
 18
 However, Section 7114(b)(4) authorizes disclosure of data only when not otherwise prohibited by law. The agencies direct our attention to the Privacy Act, 5 U.S.C. Sec. 552a, which prohibits disclosure of information from federal workers' personnel files without their consent unless required by one of the Act's exemptions. One exemption provides for disclosures required by the Freedom of Information Act (FOIA), 5 U.S.C. Sec. 552(b).[1] FOIA in turn contains its own exemptions, one of which prohibits disclosure of information in government records "which would constitute a clearly unwarranted invasion of personal privacy." Sec. 552(b)(6) ("exemption 6").[2]
 
 
 19
 We must be guided by the principle that the "limited exemptions [of FOIA] ... do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act. These exemptions ... must be narrowly construed." Department of the Air Force v. Rose, 425 U.S. 352, 361, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976) (internal quotation and citation omitted). In evaluating a claim that exemption 6 bars disclosure, we are required to balance the interest of an individual in the protection of private matters with the public's interest in access to information in the hands of the government. Id. at 372, 96 S.Ct. at 1604.
 
 
 20
 First, we should determine the extent, if any, to which individuals possess a privacy interest in their home addresses. The Supreme Court has recognized a right to privacy embracing the right "to be let alone" which "must be placed in the scales with the right of others to communicate." Rowan v. Post Office Department, 397 U.S. 728, 736, 90 S.Ct. 1484, 1490, 25 L.Ed.2d 736 (1970). Thus, "a mailer's right to communicate must stop at the mailbox of an unreceptive addressee." Id. at 736-37, 90 S.Ct. at 1490. "The ancient concept that [the home is one's castle] into which 'not even the king may enter' has lost none of its vitality." Id. at 737, 90 S.Ct. at 1490.
 
 
 21
 These pronouncements have led courts to conclude that individuals do have a privacy interest in their home addresses that may be asserted in opposition to requests for disclosure under FOIA. Multnomah Co. Medical Society v. Scott, 825 F.2d 1410, 1415-16 (9th Cir.1987); Heights Community Congress v. Veterans Administration, 732 F.2d 526, 529 (6th Cir.), cert. denied, 469 U.S. 1034, 105 S.Ct. 506, 83 L.Ed.2d 398 (1984); United States v. Liebert, 519 F.2d 542, 548 (3d Cir.), cert. denied, 423 U.S. 985, 96 S.Ct. 392, 46 L.Ed.2d 301 (1975); Wine Hobby USA, Inc. v. Internal Revenue Service, 502 F.2d 133, 137 (3d Cir.1974).
 
 
 22
 In a case brought directly under FOIA, the Fourth Circuit has upheld a federal agency's refusal to release employee addresses to the union on the basis that disclosure would constitute a clearly unwarranted invasion of personal privacy. AFGE, Local 1923, v. United States Department of Health and Human Services, 712 F.2d 931, 932 (4th Cir.1983) (per curiam). Subsequently, however, the Fourth Circuit declined to apply its holding in AFGE, Local 1923 when the Authority has upheld disclosure pursuant to Sec. 7114(b). Department of Health & Human Services, 833 F.2d at 1135. The court deferred to the Authority's rulings because, "[a]lthough this matter involves the Authority's interpretation of statutes other than its enabling act, we perceive that the interpretation bears directly on the 'complexities' of federal labor relations...." Id.
 
 
 23
 The Second Circuit examined the privacy argument in AFGE, Local 1760 v. FLRA, 786 F.2d 554 (2d Cir.1986), and concluded that release of the employees' addresses was not "prohibited by law" as provided in Sec. 7114(b)(4). The court reasoned that "the privacy interest of the average employee in his address is not particularly compelling. Generally, addresses are often available through other public records." Id. at 556; see also AFGE, Local 1923, 712 F.2d at 934 (Winter, C.J., dissenting).
 
 
 24
 Nonetheless, the Second Circuit's holding acknowledged that disclosure implicated a "modest" privacy interest. AFGE, Local 1760, 786 F.2d at 556-57. We cannot agree that even such a modest interest should receive little solicitude solely because the information at stake may be available from other sources. "That society recognizes the individual's interest in keeping his address private is indicated in such practices as non-listing of telephone numbers and the renting of post office boxes." Wine Hobby, 502 F.2d at 137 n. 15. Furthermore, while we might not violently disagree with the Second Circuit's statement that the average employee's privacy interest in his home address is not particularly compelling, not all employees are "average." Some may well have more compelling interests in privacy which are entitled to protection. Thus, we conclude that employees have a cognizable privacy interest in their home addresses.
 
 
 25
 We next must weigh the privacy interest of the employees against the interests of the public in disclosure.[3] Congress has declared that collective bargaining is in the public interest. 5 U.S.C. Sec. 7101(a). The statute reveals that two bases support that declaration. The first is that the public interest is served by protecting "the right of employees to organize, bargain collectively, and participate through labor organizations of their own choosing in decisions which affect them...." Sec. 7101(a)(1) (emphasis added). The second is the promotion of governmental efficiency. Sec. 7101(a)(2). We will defer to the Authority's expertise insofar as it has determined that disclosure in general will help effect the policies embodied in the FSLMRA. However, we cannot ignore the element of choice on the part of employees in choosing their representatives set out in Sec. 7101(a). We doubt that the public interest would be served in any way by imposing disclosure of the names and addresses on employees who regard that information as private and who do not choose to receive union communications at home.
 
 
 26
 The Authority addresses this issue in its contention that individual employees who do not wish to have their names and addresses disclosed may have their names removed from the union mailing list. The agencies counter that the law provides for no such procedure. We find, however, that FOIA is flexible enough to accommodate a solution to this difficulty. We have identified substantial interests on both the disclosure and privacy sides of the ledger. FOIA's legislative history sheds some light on the problem:
 
 
 27
 It is not an easy task to balance the opposing interests, but it is not an impossible one either. It is not necessary to conclude that to protect one of the interests, the other must, of necessity, either be abrogated or substantially subordinated. Success lies in providing a workable formula which encompasses, balances, and protects all interests, yet places emphasis on the fullest responsible disclosure.
 
 
 28
 S.Rep. No. 813, p. 3, quoted in Rose, 425 U.S. at 372-73 n. 9, 96 S.Ct. at 1604 n. 9.
 
 
 29
 Thus, our task is to accommodate to the fullest extent possible both the privacy interests of employees and the need of the union to communicate effectively in carrying out its statutory duty of representation, impinging on each interest as slightly as possible. We conclude that both the interests in privacy and disclosure will be optimally served by requiring disclosure of the names and addresses of only those employees who do not request their employers to keep the information confidential. Reasonably applied, this should provide a "workable formula" for carrying out the intent of Congress as embodied in FOIA and the FSLMRA.[4]
 
 
 30
 The decisions of the Authority are affirmed in part and its cross-petitions for enforcement are granted in part. However, because the Authority's orders are broader than permitted by our decision in that they unqualifiedly require disclosure of all employee names and addresses, we remand for further proceedings consistent with this opinion.
 
 
 31
 LAY, Chief Judge, concurring in part and dissenting in part.
 
 
 32
 Although I concur in the majority's judgment that the agency employers must disclose to the unions the names and home addresses of bargaining unit employees, I dissent from the holding that employees may ask their employers to keep the information confidential. In my view, this caveat has no basis in law, undermines the rationale for the majority's principal holding, conflicts with decisions of the Second and Fourth Circuits, and fashions a remedy that was not requested or discussed by any party to this action.[1]
 
 
 33
 Federal agency employers, as a component of their duty to negotiate in good faith with their employees' bargaining representatives, must release to those representatives data that are: (1) reasonably available; (2) normally maintained by the agency in the regular course of business; and (3) necessary for full and proper discussion, understanding, and negotiation of subjects within the scope of collective bargaining. 5 U.S.C. Sec. 7114(b)(4). Having determined that each of these criteria is satisfied, a decision with which I fully concur, the majority then analyzes the exception to the disclosure requirement: disclosure is not required to the extent that it is prohibited by law. 5 U.S.C. Sec. 7114(b)(4). The majority holds that disclosure of the employees' names and addresses is not prohibited by law, and therefore is required. Up to this point the majority's analysis is sound and in accord with the decisions of the Fourth and Second Circuits in United States Dep't of Health and Human Servs. v. FLRA, 833 F.2d 1129 (4th Cir.1987) and AFGE, Local 1760 v. FLRA, 786 F.2d 554 (2d Cir.1986).
 
 
 34
 The majority then states, however, that "the interests in privacy and disclosure will be optimally served by requiring disclosure of the names and addresses of only those employees who do not request their employers to keep the information confidential." At 1144. I cannot agree with this analysis. First, there exists no legal authority to support it. Second, it undermines the rationale for requiring disclosure in the first instance, which is that the public interest in collective bargaining and satisfactory performance of the union's statutory duty to represent all employees outweighs the employees' privacy interest, as both the Second and Fourth Circuits have held.
 
 
 35
 Moreover, it is the function of the court to decide whether the employer's duty to bargain in good faith encompasses the duty to disclose this information. The court must decide whether disclosure is prohibited by law, because that is the only statutory circumstance in which disclosure is not required. Nevertheless, the effect of the majority's approach is to allow each individual employee to decide whether his name and address will be disclosed. Clearly, the Federal Service Labor-Management Relations Act (FSLMRA) contains no such exception to the duty of disclosure that is part of the duty to bargain in good faith. Nor is it consistent with the scheme of the Freedom of Information Act (FOIA) to allow individual government employees to decide whether the privacy exemption applies to them. When confronted with the question of the applicability of the FOIA's privacy exemption, the court cannot abdicate its responsibility by allowing individual employees to decide for themselves the applicability of the exemption.
 
 
 36
 The FSLMRA provides that the only circumstances in which disclosure of such information is not required is when it is prohibited by law. The court nevertheless holds that disclosure is not required when an individual requests confidentiality. The effect of this decision is to make disclosure of data that have been determined by three circuit courts to be necessary to the collective bargaining process "prohibited by law" at the request of individual employees. Because there is no statutory authority for this decision, and because it conflicts with the proper balancing of interests under the FOIA, I dissent.
 
 
 
 [1]
 Thus, we are faced with the obverse of the question recently presented to the Supreme Court in Church of Scientology of California v. I.R.S., --- U.S. ----, 108 S.Ct. 271, 98 L.Ed.2d 228 (1987), i.e., whether disclosure under FOIA was specifically affected by another statute. 5 U.S.C. Sec. 552(b)(3); 108 S.Ct. at 273
 
 
 [2]
 In addition to the FOIA exemption 6, the Privacy Act permits disclosure of information for a "routine use." 5 U.S.C. Sec. 552a(b)(3). Because we hold that FOIA in general does not prohibit disclosure, we need not consider the Authority's contention that the routine use exception permits disclosure
 
 
 [3]
 One circuit has recently held in a divided panel opinion that the courts should not evaluate the strength of the public interest asserted, but should only "appraise the impairment to [the privacy] interest that would result from disclosure." Reporters Committee for Freedom of the Press v. United States Department of Justice, 831 F.2d 1124, 1126 (D.C.Cir.1987). At least in part, the majority reached this conclusion because it could find no guidance or standards in the FOIA to inform an evaluation of the general public interest in individual cases. Our own difficulty in that respect is somewhat mitigated by 5 U.S.C. Sec. 7101(a), which defines the public interest as hereinafter discussed in text
 
 
 [4]
 No argument has been raised in the Defense Mapping case that disclosure would violate exemption 1 of FOIA, 5 U.S.C. Sec. 552(b)(1), which exempts from disclosure information required to be kept secret in the interest of national defense pursuant to Executive Order. Nothing in our decision prevents a federal agency from resisting complete, or even selective, disclosure of its employees' names and addresses on the ground that they are covered under exemption 1 of FOIA
 
 
 [1]
 The FLRA suggested that "to the extent individual employees wish to preserve the privacy of their identities and home addresses, there is no reason to believe that they will not be able to have that information deleted from union mailing lists." Brief of FLRA at 31 (emphasis added). The FLRA thus seems to suggest that after the employers disclose the names and addresses to the unions, the employees may ask the union to delete their names from the mailing lists. This suggestion is quite different from the suggestion that employees may ask the employers not to disclose the information. Under the FLRA's suggested approach, the employers must still comply with the law's disclosure requirement. Under the majority's approach, however, the employees can effectively exempt the employers from complying with the disclosure requirement