850 F.2d 689
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Calvin MITCHELL, Plaintiff-Appellant,
v.
James LIST, Director, Management Training Corporation,
Kittrell Job Corps Center, Defendant-Appellee.
 No. 87-3718.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 23, 1987.
Decided: June 20, 1988.
 
 James Calvin Mitchell, appellant pro se.
 Maria Jennie Mangano (William S. Mills & Associates), for appellee.
 Before WIDENER and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James C. Mitchell, a North Carolina inmate proceeding in forma pauperis, filed this action pursuant to the Freedom of Information Act (FOIA) and the Privacy Act, 5 U.S.C. Secs. 552 & 552a, seeking information from James List as the director of the Kittrell Job Corps Center (Kittrell). Mitchell sought information regarding his former wife and another person, both of whom were formerly employed at Kittrell.
 
 
 2
 The district court, reasoning that Kittrell was not a "federal agency" for the purposes of FOIA, entered summary judgment in favor of defendant. Although we conclude that genuine issues of material fact may have existed as to whether the documents sought by Mitchell were "agency records" under the Act, we nevertheless affirm the district court's decision because the documents sought fell within the exemptions from disclosure contained in 5 U.S.C.A. Sec. 552(b) (West 1977).
 
 
 3
 The record reveals that Kittrell, although ostensibly a private entity, was under contract with the United States Department of Labor "to operate a number of job corps centers throughout the United States." However, the record does not disclose the terms of the contract. The district court, though noting the existence of the contract, held that a private corporation does not attain "agency" status under FOIA by virtue of a contract with the federal government. Having concluded that Kittrell was not a federal agency, the court found it unnecessary to determine if the documents Mitchell sought were "agency records" under FOIA or if any of the exemptions from disclosure applied.
 
 
 4
 A private entity may, under some circumstances, be deemed an "agency" of the federal government for the purposes of FOIA by virtue of a contractual relationship between the entity and the government. See Forsham v. Harris, 445 U.S. 169 (1980). Further, documents generated or owned by a private entity may be deemed "agency records" under FOIA if a federal agency has created or obtained a copy of the documents. Id.; American Fed'n of Gov't Employees v. United States Dep't of Health and Human Servs., 712 F.2d 931, 933 (4th Cir.1983). Therefore, the district court may have erred in holding on the present record that the documents sought by Mitchell were not subject to the terms of FOIA. We need not decide the issue, however, because we conclude that even assuming the applicability of FOIA to the documents at issue, the documents were exempt from disclosure under 5 U.S.C.A. Sec. 552(b) (West 1977). All of the documents, with the possible exception of the tax returns of Mitchell's former wife, concerned personnel matters and internal "agency" practices, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. 5 U.S.C.A. Sec. 552(b)(2) & (6); Core v. United States Postal Serv., 730 F.2d 946 (4th Cir.1984). The tax forms were exempt under 5 U.S.C.A. Sec. 552(b)(3) & (6) and 26 U.S.C.A. Sec. 6103(a). See White v. Internal Revenue Serv., 707 F.2d 897 (6th Cir.1983); Chamberlain v. Kurtz, 589 F.2d 827 (5th Cir.), cert. denied, 444 U.S. 842 (1979). Therefore, as all of the records sought by Mitchell fell within the exceptions from disclosure under FOIA, the district court properly granted summary judgment for the defendant.
 
 
 5
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 AFFIRMED.