954 F.2d 994
 139 L.R.R.M. (BNA) 2520
 FEDERAL LABOR RELATIONS AUTHORITY, Petitioner,
v.
DEPARTMENT OF COMMERCE; National Oceanic and Atmospheric
Administration; National Ocean Service, Respondents,
National Treasury Employees Union, Amicus Curiae.
DEPARTMENT OF COMMERCE; National Oceanic and Atmospheric
Administration; National Ocean Service, Petitioners,
v.
LABOR RELATIONS AUTHORITY, Respondent,
National Treasury Employees Union, Amicus Curiae.
 Nos. 90-1852, 90-1859.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 7, 1991.
Decided Jan. 24, 1992.
 
 William Eugene Persina, Sol., Federal Labor Relations Authority, Washington, D.C., argued (William R. Tobey, Deputy Sol., Pamela P. Johnson, Federal Labor Relations Authority, on brief), for petitioner.
 Elaine Kaplan, Deputy Director of Litigation, Nat. Treasury Employees Union, Washington, D.C. argued (Gregory O'Duden, Director of Litigation, on brief), for amicus curiae.
 Sandra Wien Simon, Civ. Div., U.S. Dept. of Justice, Washington, D.C., argued (Stuart M. Gerson, Asst. Atty. Gen., Leonard M. Schaitman, Civ. Div., on brief), for respondents.
 Before WIDENER and SPROUSE, Circuit Judges, and MURRAY, Senior District Judge for the District of Maryland, sitting by designation.
 OPINION
 SPROUSE, Circuit Judge:
 
 
 1
 This appeal concerns a complaint filed by the Marine Engineers Beneficial Association District No. 1 (the "Union"), the exclusive representative of several units of marine engineers employed by the Department of Commerce, National Oceanic and Atmospheric Administration, National Ocean Service. In a proceeding before the Federal Labor Relations Authority (the "FLRA"), the Union charged the Department of Commerce with unfair labor practices for refusing to release the home addresses of bargaining unit employees to the Union. The Department had provided the Union with a list of all unit employees identified by the ship on which they were working and the schedule of the ship, but refused to provide the home addresses of the employees. The FLRA held that the refusal constituted an unfair labor practice, in violation of the Federal Service Labor-Management Relations Statute (the "FS Labor Statute"), 5 U.S.C. §§ 7101-7135, and ordered the Department of Commerce to release the requested home address information. The Department of Commerce petitions for review and the FLRA applies for an enforcement order.
 
 
 2
 * Under the FS Labor Statute, a federal agency must provide to an exclusive bargaining representative information which is normally maintained by the agency when it "is reasonably available and necessary for full and proper discussion, understanding, and negotiation of subjects within the scope of collective bargaining...." 5 U.S.C. § 7114(b)(4)(B). However, that section requires disclosure only "to the extent not prohibited by law," 5 U.S.C. § 7114(b)(4), thus implicating the Privacy Act of 1974. The central issue in this case, therefore, concerns whether disclosure of the information is prohibited by the Privacy Act.
 
 
 3
 The Privacy Act generally prohibits disclosure of personnel information, 5 U.S.C. § 552a(b), but there are several exceptions to the Privacy Act's disclosure prohibition, two of which are relevant here. Section 552a(b)(2) excludes from the prohibition information that is requested under the Freedom of Information Act (the "FOIA") and § 552a(b)(3) excludes from the prohibition information authorized to be disclosed pursuant to a "routine use" under the Privacy Act.[1] The Union contends that its request for the home addresses of the Department of Commerce employees falls within both of these exceptions to the Privacy Act's prohibition on the disclosure of personnel information.
 
 II
 
 4
 The issue of disclosure of employee addresses has been widely litigated over the past several years so a review of the relevant case law is helpful to our resolution of the instant dispute. In Farmers Home Admin. Fin. Office, 23 F.L.R.A. (No. 101) 788 (1986), a case decided by the FLRA, the Farmers Home Administration argued that it was not necessary to disclose its employees' home addresses under the FOIA because Exemption 6 to that Act authorizes withholding information from personnel and medical files when the disclosure "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552b(c)(6). In considering the application of Exemption 6, the FLRA balanced the public interest in disclosure against the privacy interest in withholding the information and concluded that the federal agency employer was required under § 7114(b)(4) of the FS Labor Statute to provide the home addresses of bargaining unit employees. The FLRA emphasized that federal collective bargaining serves the public interest, see § 7101(a)(1)(A),[2] and that disclosure of the information was "necessary" to the union's ability to communicate effectively with bargaining unit employees. Consequently, the FLRA concluded that such a public interest outweighed the privacy interest implicated in disclosure of the information.
 
 
 5
 In Department of Health and Human Serv. v. FLRA, 833 F.2d 1129 (4th Cir.1987), cert. dismissed, 488 U.S. 880, 109 S.Ct. 632, 102 L.Ed.2d 170 (1988) (DHHS ), this court endorsed the decision adopted by the FLRA in Farmers Home. In DHHS, the Department of Health and Human Services, as here, refused to provide the union with the home addresses of bargaining unit employees. The union's expressed need for the addresses, as here, was to advise bargaining unit employees of its activities by mail and to solicit employees' opinions with respect to negotiations between the union and the government agency. See DHHS, 833 F.2d at 1131. After determining that the information was "necessary" to the discharge of the union's responsibilities, we addressed whether the Privacy Act prohibited disclosure of the information. Determining that the union had a right to the information under the FOIA exception to the Privacy Act prohibition, we held that the balance of interests weighs in favor of disclosure of the information under the FOIA, stating:
 
 
 6
 We find that [FLRA] has, as required by 5 U.S.C. § 7114(b)(4), properly applied the FOIA balancing test and we find no error in its conclusion that disclosure is warranted under the Federal Labor-Management Relations Act. That conclusion is not only consistent with the statutory language but it furthers the underlying Congressional policy of balancing competing interests to effectuate an efficient government.
 
 
 7
 Id. at 1135-36. Other circuits reached similar conclusions. See Department of Navy v. FLRA, 840 F.2d 1131, 1136-37 (3d Cir.), cert. dismissed, 488 U.S. 881, 109 S.Ct. 632, 102 L.Ed.2d 170 (1988); American Fed'n of Gov't Employees, Local 1760 v. FLRA, 786 F.2d 554, 557 (2d Cir.1986).
 
 
 8
 The Department of Commerce here, however, argues that a recent Supreme Court decision, Department of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989) (Reporters Committee ), overrules these holdings. In our view, however, there is a decisive difference between the issue in Reporters Committee and the central issue in DHHS and in this case.
 
 
 9
 In Reporters Committee, a news correspondent sought disclosure of an individual's Federal Bureau of Investigation "rap sheet" under the FOIA, but the Department of Justice refused to provide the information. The Supreme Court upheld the Justice Department's actions, finding that such information was exempted from the FOIA's disclosure requirements by Exemption 7(C), which applies to investigatory records compiled for law enforcement purposes where production of such records could reasonably be expected to constitute an unwarranted invasion of personal privacy.[3] See Reporters Committee, 489 U.S. at 780, 109 S.Ct. at 1485. The Court emphasized that under the FOIA, the "public interest" to be weighed against the privacy interest is that which underlies the FOIA--disclosure of information "to ensure that the Government's activities be opened to the sharp eye of public scrutiny." Id., 489 U.S. at 774, 109 S.Ct. at 1482 (emphasis in original). Interpreting Exemption 7(C), the Court found that a request for disclosure of law enforcement information that was wholly unrelated to any concern about activities of that federal agency constituted an unwarranted invasion of privacy. See id. at 780, 109 S.Ct. at 1485.
 
 
 10
 The Department of Commerce argues that Reporters Committee mandates that the only "public interest" to be weighed in the instant case is the interest underlying the FOIA and that this court may not consider the public interests underlying the FS Labor Statute, even though the Union requested the information pursuant to that Statute. It argues that the Union's request for employee home address information sheds no light on the activities of the Department of Commerce and that, therefore, no "public interest" is implicated. The obvious thrust of that argument, of course, is that the strong privacy interests of the employees in not having their home addresses disclosed must prevail.
 
 
 11
 We agree with the Department of Commerce that the public interests involved in disclosure of the information must be weighed against the privacy interests of the employees in not having the information disclosed. We also agree that disclosure of employees' home addresses implicates a legitimate privacy interest. However, in our view, the circumstances here are dissimilar to those considered in Reporters Committee. There, the Supreme Court considered a request for information made solely under the FOIA. No other federal statute was directly involved. Here, the Union requested the information under § 7114(b)(4)(B) of the FS Labor Statute, which directs the litigants to the Privacy Act which, in turn, directs them to the FOIA. We find this distinction critical and it compels our consideration of both the FS Labor Statute and the FOIA in determining the involved public interest. Consequently, we do not believe that Reporters Committee overrules our decision in DHHS.
 
 
 12
 Bearing on this conclusion is our discussion in DHHS of American Fed'n of Gov't Employees, Local 1923 v. Department of Health and Human Serv., 712 F.2d 931 (4th Cir.1983) (AFGE ). In AFGE, a union requested the home addresses of its bargaining unit employees solely under the FOIA. In denying the union the address information, the AFGE court held that employees have a "strong privacy interest in their home addresses," id. at 932, that home addresses have "nothing to do with the agency's 'work,' and disclosure thereof would shed no significant light on the agency's inner workings."[4] Id. at 933. In DHHS, we distinguished AFGE, stating:
 
 
 13
 The instant cases come before us in a different posture in that [AFGE ] was not a review of a ruling by the Federal Labor Relations Authority. Here the Union has sought disclosure under the [FS Labor] Statute, not directly under the FOIA. The Authority has determined that [the government agency's] refusal to disclose its employees' home addresses to the Union constitutes an unfair labor practice. 5 U.S.C. § 7116(a). Considerable weight is due the Authority's interpretation of the Statute.
 
 
 14
 DHHS, 833 F.2d at 1135. Moreover, in DHHS, we pointed out that the court in AFGE may have contemplated this distinction, for in AFGE, the court stated that the union "may be entitled to this information under some other federal law" and that its decision held "only that the Freedom of Information Act is not a proper vehicle for disclosure of that information." AFGE, 712 F.2d at 933 n. 3.
 
 
 15
 Finally, since we conclude that our decision in DHHS controls the outcome here,[5] it is not necessary to reach the routine use issue. Therefore, the petition for review is denied and the FLRA's application for enforcement is granted.
 
 
 16
 PETITION FOR REVIEW DENIED; ENFORCEMENT GRANTED.
 
 WIDENER, Circuit Judge, dissenting:
 
 17
 I respectfully dissent.
 
 
 18
 I would deny enforcement of the order and grant the Department of Commerce's petition for review. Disclosure of employee addresses does not fall within any exception to the Privacy Act and therefore is "prohibited by law."
 
 
 19
 5 U.S.C. § 7114(b)(4) requires an agency to furnish certain information to an exclusive representative but only "to the extent not prohibited by law." The Privacy Act prohibits the release of personal information about federal employees without their written request or consent. 5 U.S.C. § 552a(b). Therefore, as a general matter, information within the purview of the Privacy Act cannot be furnished to unions because its release is "prohibited by law." The Federal Labor Relations Authority (FLRA) argues that the Freedom of Information Act (FOIA) and "routine use" exceptions to the Privacy Act's nondisclosure requirement allow disclosure in this case. 5 U.S.C. § 552a(b)(2)-(3). Release of employee addresses thus is "prohibited by law" unless disclosure falls within the FOIA or routine use exception to the Privacy Act.
 
 
 20
 The majority decision concludes that home addresses of federal employees would be released pursuant to the Freedom of Information Act. In so holding, it relies on our decision in United States Dep't of Health and Human Services v. Federal Labor Relations Auth., 833 F.2d 1129 (4th Cir.1987), cert. dismissed, 488 U.S. 880, 109 S.Ct. 632, 102 L.Ed.2d 170 (1988), and holds that the subsequent Supreme Court decision in Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989), has no effect on the value as a precedent of United States Dep't of Health and Human Services v. Federal Labor Relations Auth. I believe, as do the other courts of appeal which have reached the issue, that Reporters Committee requires a different result from that reached in earlier decisions.
 
 
 21
 In determining if information must be released pursuant to a request under the FOIA, an individual's privacy interest in the material to be released must be balanced against the public interest in disclosure. See Reporters Committee, 489 U.S. at 762, 109 S.Ct. at 1475-76.
 
 
 22
 I do not believe that any public interest in federal collective bargaining can be considered in weighing whether employee addresses should be released. As stated in Reporters Committee, "whether an invasion of privacy is warranted cannot turn on the purposes for which the request for information is made." 489 U.S. 749, 771, 109 S.Ct. 1468, 1480, 103 L.Ed.2d 774 (italics in original). And later on the same page the Court repeated its position: "As we have repeatedly stated, Congress 'clearly intended' the FOIA to give any member of the public as much right to disclosure as one with a special interest [in a particular document]." 489 U.S. at 771, 109 S.Ct. at 1480. Faced with the identical issue which we now encounter, both the First and District of Columbia Circuits held, as would I, that the Supreme Court's opinion in Reporters Committee, precludes consideration, on the side of disclosure in FOIA balancing, of special public interest in collective bargaining. Federal Labor Relations Auth. v. United States Dep't of the Navy, 941 F.2d 49 (1st Cir.1991); Federal Labor Relations Auth. v. United States Dep't of the Treasury, 884 F.2d 1446 (D.C.Cir.1989), cert. denied, 493 U.S. 1055, 110 S.Ct. 863, 864, 107 L.Ed.2d 947, 948 (1990).[1]
 
 
 23
 Therefore, in balancing the privacy and public interests at stake under the FOIA, the fact that a labor union is requesting the information is of no consequence. We must decide whether any person could receive the home addresses of federal employees via the FOIA. In Reporters Committee, the Court stated that "whether disclosure of a private document ... is warranted must turn on the nature of the requested document and its relationship to 'the basic purpose of the Freedom of Information Act "to open agency action to the light of public scrutiny." ' " Reporters Committee, 489 U.S. 749, 772, 109 S.Ct. 1468, 1481, 103 L.Ed.2d 774 (1989).[2] "[T]he FOIA's central purpose is to ensure that the Government's activities be opened to the sharp eye of public scrutiny, not that information about private citizens that happens to be in the warehouse of the Government be so disclosed." 489 U.S. at 774, 109 S.Ct. at 1482 (italics in original). The following passage from Reporters Committee is applicable to the present case:
 
 
 24
 [The] basic policy of "full agency disclosure unless information is exempted under clearly delineated statutory language," [citation omitted] indeed focuses on the citizens' right to be informed about "what their government is up to." Official information that sheds light on an agency's performance of its statutory duties falls squarely within that statutory purpose. That purpose, however, is not fostered by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct. In this case--and presumably in the typical case in which one private citizen is seeking information about another--the requester does not intend to discover anything about the conduct of the agency that has possession of the requested records. Indeed, response to this request would not shed any light on the conduct of any Government agency or official.
 
 
 25
 Reporters Committee, 489 U.S. at 773, 109 S.Ct. at 1481. Reporters Committee concerned the release of information contained in an FBI rap sheet about a government contractor who was a private citizen. In the context of releasing home addresses, I believe that the Reporters Committee reasoning is equally applicable to government employees. I do not believe that release of their addresses will shed any light on the conduct of a government agency. Therefore, there is no public interest served by disclosing them.
 
 
 26
 We have held that employees have "a strong privacy interest" in their home addresses. American Federation of Government Employees Local 1923 v. United States Dep't of Health and Human Services, 712 F.2d 931, 932 (4th Cir.1983).[3] There is little, if any, public interest in the release of home addresses of federal employees because their disclosure would not shed any light on the conduct of a government agency. Therefore, when weighed against at most a minimal, if any, interest in public disclosure, the strong privacy interest the employees have in their home addresses requires that the information not be disclosed.
 
 
 27
 The FLRA also argues that the information should be released under the routine use exception to the Privacy Act. "[T]he term 'routine use' means, with respect to the disclosure of a record, the use of such record for a purpose which is compatible with the purpose for which it was collected." 5 U.S.C. § 552a(a)(7). 5 U.S.C. § 552a(e)(4)(D) requires each agency that maintains records to publish in the Federal Register notice of "each routine use of the records contained in the system, including the categories of users and the purpose of such use."[4]
 
 
 28
 The Office of Personnel Management (OPM) has a "routine use" regulation which allows disclosure of certain information to labor organizations "when relevant and necessary to their duties of exclusive representation concerning personnel policies, practices, and matters affecting working conditions." 55 Fed.Reg. 3802, 3839-40 (Feb. 5, 1990). According to OPM's interpretation of its regulation, "[i]f adequate alternate means exist for communicating with bargaining unit employees, disclosure of home addresses is not 'necessary,' and the routine use does not apply." OPM Letter from Director Constance Horner to Assistant Attorney General Richard Willard, Civil Division, Department of Justice, dated June 25, 1987.
 
 
 29
 I agree with the District of Columbia and First Circuits' holdings that OPM's interpretation of its routine use regulation is reasonable and should be deferred to. Federal Labor Relations Auth. v. United States Dep't of the Navy, 941 F.2d at 59-60; Federal Labor Relations Auth. v. United States Dep't of the Treasury, 884 F.2d at 1456. Therefore, since no showing has been made of the inadequacy of alternate means of communicating with employees,[5] the "routine use" exception to the Privacy Act does not permit disclosure.
 
 
 30
 In sum, I would hold, as did the First and District of Columbia Circuits, that no exception to the Privacy Act applies and, therefore, the disclosure of employee addresses is "prohibited by law."
 
 
 31
 I would grant review and deny enforcement of the order.
 
 
 
 [1]
 5 U.S.C. §§ 552a(b)(2) and (3) of the Privacy Act provide:
 (b) Conditions of disclosure.
 No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be--
 (2) required under section 552 [the FOIA] of this title;
 (3) for a routine use as defined in subsection (a)(7) of this section and described under subsection (e)(4)(D) of this section[.]
 "Routine use" is defined as the "use of such record for a purpose which is compatible with the purpose for which it was collected." 5 U.S.C. § 552a(a)(7).
 
 
 [2]
 Section 7101(a) specifically states that Congress finds "labor organizations and collective bargaining in the civil service are in the public interest." 5 U.S.C. § 7101(a)
 
 
 [3]
 Reporters Committee involved Exemption 7(C), which the Supreme Court recognized was "broader" than Exemption 6. Reporters Committee, 489 U.S. at 756, 109 S.Ct. at 1472-73. Exemption 6 precludes a "clearly unwarranted invasion" of personal privacy, while Exemption 7(C) precludes an "unwarranted invasion." Id. Exemption 6 refers to disclosures that "would constitute" an invasion of privacy, while Exemption 7(C) encompasses any disclosure that "could reasonably be expected to constitute" such an invasion. Id
 
 
 [4]
 This language in AFGE seems to capture the central thrust of the holding in Reporters Committee--that a request for information under the FOIA must shed light on a government agency's work. Therefore, we do not believe, as the Department of Commerce suggests, that the decision in Reporters Committee changed the law in this circuit
 
 
 [5]
 But see FLRA v. Department of the Treasury, 884 F.2d 1446 (D.C.Cir.1989), cert. denied, 493 U.S. 1055, 110 S.Ct. 863, 107 L.Ed.2d 947, 948 (1990)
 
 
 [1]
 In Federal Labor Relations Auth. v. U.S. Dep't of the Navy, 944 F.2d 1088, vacated and en banc rehearing granted, 1991 WL 176337, 1991 U.S.App. Lexis 26564 (3rd Cir.1991), a panel of the Third Circuit came to the same conclusion, as had the First and District of Columbia Circuits, but that decision was vacated and en banc rehearing was granted. The result of the en banc consideration is not yet available
 
 
 [2]
 The Court's statement was made with reference to exemption 7(C) of the FOIA, a distinction of no consequence here
 
 
 [3]
 Other circuits have varying standards as to the privacy interest in one's address. See, e.g., Hopkins v. United States Dep't of Hous. and Urban Dev., 929 F.2d 81, 87 (2d Cir.1991) ("significant privacy interest"); United States Dep't of the Navy v. Federal Labor Relations Auth., 941 F.2d at 56 ("of modest strength")
 
 
 [4]
 30 days notice and an opportunity for written comments must be given before any information is released under a new "routine use." 5 U.S.C. § 552a(e)(11)
 
 
 [5]
 The parties stipulated that the unit employees involved in this case are stationed on board oceangoing vessels that are away from their home port 70-74% of the time. The Department of Commerce has provided the union with a list of all unit employees identified by the ship on which they are working and the schedule of the ship. All types of mail are delivered to the employees on board the ships. Private mail may only be opened by the addressee
 It appears from these facts that the ship addresses provide perhaps a better avenue of communication to the employees than would their home addresses, and, in any event, at least an adequate alternate means of communication.