VAN BOURG, ALLEN, WEINBERG & ROGER, for and on Behalf of CARPET, LINOLEUM, AND SOFT TILE WORKERS UNION, LOCAL 1288, Plaintiffs-Appellees,

v.

NATIONAL LABOR RELATIONS BOARD, Defendant-Appellant.

No. 83–1722.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 13, 1984.

Decided March 22, 1984.

As Amended May 9, 1984.

David Rosenfeld, Van Bourg, Allen, Weinberg & Roger, San Francisco, Cal., for plaintiffs-appellees.

Elaine Patrick, James Y. Callear, N.L.R.B., Washington, D.C., for defendant-appellant.

Before GOODWIN, PREGERSON, and NELSON, Circuit Judges.

PREGERSON, Circuit Judge: ·

This case is before us on an appeal taken by the National Labor Relations Board (Board) from a district court order requiring the Board to disclose, to appellee Van Bourg, Allen, Weinberg & Roger (Van Bourg),[1] the names and addresses of employees who had been eligible to vote in a representation election. Although this case arises in a labor law context, the issue presented involves application of Exemptions 4 and 6 of the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(4), (6) (1982).[2]

## FACTS

Acting on behalf of Local 1288 of the Carpet, Linoleum, and Soft Tile Workers

---

1. Van Bourg, Allen, Weinberg & Roger is a law firm representing Carpet, Linoleum, and Soft Tile Workers Local 1288.

2. The disclosure requirements of the FOIA do not apply, among other things, to:

 (4) trade secrets and commercial or financial information obtained from a person and privileged or confidential . . . .

 . . . .

 (6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy . . . .

5 U.S.C. § 552(b)(4), (6) (1982).

Union, Van Bourg filed an FOIA request with the Board. Van Bourg sought documents relating to a representation election conducted by the Board. Neither Van Bourg nor Local 1288 was a party to the election, but Local 1288 is interested in filing a decertification petition[3] and in eventually organizing the employees. A declaration filed by counsel for Van Bourg states that Local 1288 is concerned about the circumstances of the election because the employer consented to the election. Thus, Local 1288 suggests that the election may not have been conducted properly and that the collective bargaining agreement was not a product of truly arms-length negotiations.

Pursuant to the FOIA, the Board provided Van Bourg with all documents pertaining to the election except the *Excelsior* list, which contains the names and addresses of employees eligible to vote in a representation election.[4] Relying on Exemptions 4 and 6 of the FOIA, the Board refused to disclose the *Excelsior* list.

Van Bourg then filed a complaint in district court and sought disclosure of the *Excelsior* list. The Board argued to the district court that the *Excelsior* list was exempt from disclosure because the information that the list contained falls under Exemptions 4 and 6. 5 U.S.C. § 552(b)(4), (6). On cross-motions for summary judgment, the district court granted Van Bourg's motion and ordered disclosure. The district court held that names and addresses of employees could not be fairly characterized as "trade secrets" or "commercial or financial information" under Exemption 4. The court also held that disclosure does not constitute a "clearly unwarranted invasion of personal privacy" under Exemption 6. We agree with the district court that the infor-

mation requested is subject to disclosure under the FOIA.

## DISCUSSION

■ In reviewing judgments on FOIA issues, this court must determine (1) whether the district court had an adequate factual basis for its decision, and (2) whether, if an adequate factual basis was established, the decision below was clearly erroneous. *Church of Scientology of California v. United States Department of the Army,* 611 F.2d 738, 742 (9th Cir.1979).

The parties do not dispute that the district court had an adequate factual basis for its decision. We therefore turn to the question whether the district court's decision was clearly erroneous.

■ The FOIA mandates a policy of broad disclosure of government documents when production is properly requested. 5 U.S.C. § 552(a)(3). An agency may withhold a document, or portions of a document, *only* if the information contained in the document falls within one of the nine statutory exemptions to the disclosure requirement set forth in § 552(b). The burden is upon the government agency to establish that a given document is exempt from disclosure. *Id.*; *see, e.g., EPA v. Mink,* 410 U.S. 73, 79, 84, 93 S.Ct. 827, 832, 834, 35 L.Ed.2d 119 (1973).

■ Subsection 4 exempts two items from disclosure: (1) trade secrets and (2) privileged or confidential commercial or financial information obtained from a person. We agree with the District of Columbia Circuit that, absent the Board's express promise of confidentiality, a list of names and addresses of employees that employers are required by law to give to the Board cannot fairly be characterized as either

---

**3.** A petition for decertification alleges that the labor organization currently recognized or certified as the bargaining agent no longer represents the majority of employees. The petition must demonstrate a 30% interest in decertification. 29 U.S.C. § 159(c)(1)(A)(ii) (1976); 29 C.F.R. § 101.18 (1983).

**4.** An *Excelsior* list is a list of the names and addresses of all employees eligible to vote in a

Board-conducted election. Since its decision in *Excelsior Underwear, Inc.,* 156 N.L.R.B. 1236 (1966), *approved in NLRB v. Wyman-Gordon Co.,* 394 U.S. 759, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969) (plurality opinion), the Board has required the employer, before an election, to provide such a list to the employees and to the union involved in the election.

"trade secrets" or "commercial or financial information." *Getman v. NLRB*, 450 F.2d 670, 673 (D.C.Cir.1971). Thus, such information is not exempt from disclosure under Exemption 4.

Subsection 6 exempts personnel, medical, or similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. To fall under Exemption 6, the information requested must be contained in "personnel," "medical," or "similar" files. *Church of Scientology*, 611 F.2d at 746; *see United States Department of State v. Washington Post Co.*, 456 U.S. 595, 602 n. 4, 102 S.Ct. 1957, 1961 n. 4, 72 L.Ed.2d 358 (1982).

In *Washington Post,* the Supreme Court noted that the legislative history of Exemption 6 suggests that "similar files" was to have a broad, rather than a narrow, meaning.[5] *Id.* at 600, 102 S.Ct. at 1960. Government records containing information that applies to particular individuals satisfy the threshold test of Exemption 6. *Id.* at 602, 102 S.Ct. at 1961. Thus, the *Excelsior* list meets the threshold requirement of Exemption 6.

Having determined that the *Excelsior* list is a similar file, however, does not end our inquiry. We must next balance four factors to determine whether the disclosure constitutes a "clearly unwarranted invasion of personal privacy," *Church of Scientology,* 611 F.2d at 746, and therefore falls within the scope of the exemption. These factors include (1) the plaintiff's interest in disclosure, (2) the public's interest in disclosure, (3) the degree of the invasion of personal privacy, and (4) the availability of any alternative means of obtaining the requested information. *Id.* We consider each factor in turn.

(1) *Plaintiff's interest in disclosure.* Local 1288 requires access to the *Excelsior* list to determine the identity of employees who might wish to discuss the circumstanc-es of both the election and the negotiation of the collective bargaining agreement. If Local 1288 determines that there exists a substantial question about the fairness of the election, it may seek to decertify and replace the union that won.[6] But Local 1288 needs the *Excelsior* list to make this determination. *Cf. NLRB v. Realty Maintenance, Inc.,* 723 F.2d 746, 748 (9th Cir. 1984) (per curiam) (requiring employer to provide information about employer's business relationships with related companies so that union could determine whether employer was violating collective bargaining agreement by secretly cutting wages and subcontracting out work). Local 1288, therefore, has a strong interest in disclosure.

(2) *Public's interest in disclosure.* In this case, the public has a strong interest in disclosure. Van Bourg has raised the possibility that the representation election was conducted unlawfully. If this is true, the successful union has little interest in challenging the results. Employees, fearing the displeasure of either their employer or the union that won the election, would probably be reticent to challenge the election. But our national labor policy favors maintaining industrial peace through collective bargaining. *Machinists Local 1327 v. NLRB,* 725 F.2d 1212, 1215 (9th Cir.1984) (relying on *NLRB v. Allis-Chalmers Manufacturing Co.,* 388 U.S. 175, 180, 87 S.Ct. 2001, 2006, 18 L.Ed.2d 1123 (1967)). And collective bargaining can lose its integrity and effectiveness unless we provide mechanisms to ensure that employees have a full and fair vote, free from unlawful employer influence, when they participate in representation elections. Local 1288's investigation of the election can help provide such a mechanism.

(3) *Degree of invasion of personal privacy.* Some employees may experience some invasion of privacy by losing their anonymi-

---

5. The Court reviewed H.R.Rep. No. 1497, 89th Cong., 2d Sess. 11 (1966); 1966 U.S.Code Cong. & Admin.News 2418, 2428; S.Rep. No. 813, 89th Cong., 1st Sess. 9 (1965); and S.Rep. No. 1219, 88th Cong., 2d Sess. 14 (1964).

6. *See supra* note 3 (discussing decertification petitions).

ty. Given the circumstances of this case,[7] however, this invasion is minimal for at least two reasons.

First, the *Excelsior* list is already available without any restrictions to the employees and the union who are parties to a representation election. *See Excelsior Underwear, Inc.,* 156 N.L.R.B. 1236 (1966), *approved in NLRB v. Wyman-Gordon Co.,* 394 U.S. 759, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969) (plurality opinion). Such disclosure is not uncommon.

Second, disclosure of any information in addition to a name or address is within the control of the employee contacted by the person having access to the *Excelsior* list. The employee retains the option of refusing to answer any questions.

(4) *Alternative means of obtaining the information.* Finally, other forms of direct communication might not be as effective. Employees could feel uncomfortable near their place of employment answering questions about the validity of the election and the collective bargaining agreement. And questioning employees on their way to or from work, in a hurried atmosphere, is probably not much better.

### CONCLUSION

In light of these four factors, we conclude that the district court did not clearly err when it ruled that disclosing the *Excelsior* list does not constitute a clearly unwarranted invasion of personal privacy under Exemption 6.

The district court's order is AFFIRMED.

---

7. In some cases, the interest in withholding even a name and an address may outweigh the interest in disclosure. Such a case, however, is not before us.