**John G. DiPERSIA, Plaintiff,**

**v.**

**U.S. RAILROAD RETIREMENT BOARD, Defendant.**

**Civ. A. No. N–85–55 (RCZ).**

United States District Court, D. Connecticut.

April 1, 1986.

Charles C. Goetsch, John G. DiPersia, Cahill, Goetsch & DiPersia, P.C., New Haven, Conn., for plaintiff.

Frank H. Santoro, Asst. U.S. Atty., New Haven, Conn., for defendant.

## RULING ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

ZAMPANO, Senior District Judge.

■ This case is before the Court on cross-motions for summary judgment.[1] The plaintiff, Attorney John G. DiPersia, a member of the law firm of Cahill, Goetch & DiPersia, brought this action under Section

3 of the Administrative Procedure Act, as amended, 5 U.S.C. § 552(a), commonly known as the Freedom of Information Act ("FOIA"), seeking injunctive relief against the defendant, Railroad Retirement Board (the "Board"), for withholding the names and addresses of Connecticut residents who are contributing into the U.S. Railroad Retirement Fund.

The parties submit, and the Court agrees, that no genuine issue exists as to any material facts, and that the matter is ripe for judgment as a matter of law. *See, e.g., Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Schwabenbauer v. Board of Education,* 667 F.2d 305, 313 (2 Cir.1981); *Heyman v. Commerce and Industry Insurance Co.,* 524 F.2d 1317, 1320 (2 Cir. 1975).

## FACTS

The record discloses the following undisputed facts. On October 25, 1984, plaintiff contacted the Board, a federal agency, by telephone and letter and requested the disclosure to him of the names and addresses of all Connecticut residents who are contributing into the U.S. Railroad Retirement Fund.[2] At the Board's request, the plaintiff explained that the purpose of obtaining such information was to send to those individuals a pamphlet delineating their rights under the Federal Employers Liability Act, 45 U.S.C. § 51 *et seq.*

On November 8, 1984, the Board's Freedom of Information Act Officer sent a letter to plaintiff denying his request for the disclosure of said information on three grounds:

 (a) that the information was exempt from mandatory disclosure under the FOIA, Exemption 3, because it would be prohibited under Section 12(d) of

---

1. Defendant styled its motion as one to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) or in the alternative for summary judgment. Because the Court, in deciding the motion, considered matters outside the pleadings, the motion will be treated as one for summary judgment. *See* Fed. R.Civ.P. 12(b).

2. Apparently, plaintiff's October 25, 1984 request represented an amendment to an earlier FOIA request filed on April 9, 1984 by his partner, George Cahill. *See* November 8, 1984 denial letter.

the Railroad Unemployment Insurance Act, 45 U.S.C. § 362(d);[3]

(b) that the requested information was exempt from disclosure under the FOIA, Exemption 6, because its disclosure would constitute a clearly unwarranted invasion of the personal privacy of the individuals on whom the information was requested; and

(c) that the Privacy Act, 5 U.S.C. § 552a, also prohibited disclosure of the information requested.

On November 15, 1984, the plaintiff duly appealed the denial of his FOIA request and claimed that the Board's refusal to release the information must be overturned for the following reasons:

(a) Section 12(d) of the Railroad Unemployment Insurance Act does not qualify as an exempting statute under the FOIA, Exemption 3, because it gives the Board virtually unlimited discretion; and

(b) the minimal invasion of personal privacy involved is far outweighed by the benefits to railroad employees or their estates, the public, the Board, and railroads.

On December 12, 1984, the Board affirmed the denial of the plaintiff's FOIA request.

## DISCUSSION

Jurisdiction of the Court is based on the express provision of the FOIA which states that upon the filing of a complaint alleging the improper withholding of information by an agency, the district court "shall determine the matter de novo." 5 U.S.C. § 552(a)(4)(B). On judicial de novo review, this Court is mindful that the FOIA creates a liberal disclosure requirement. Therefore, the burden of proof is on the agency to show that the withheld information is within one of the nine narrowly construed exemptions.

3. That statute is incorporated by reference in the Railroad Retirement Act by Section 7(b)(3)

*FOIA Exemption 3*

In refusing to provide the plaintiff with the requested information, the Board first relies on 5 U.S.C. § 552(b)(3), which provides that the FOIA does not apply to matters that are—

(3) specifically exempted from disclosure by statute (other than section 552(b) of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld . . . .

When an agency claims an exemption under 5 U.S.C. § 552(b)(3), it is a court's duty to determine, first, whether the nondisclosure statute upon which the Exemption 3 claim is founded actually fits within the guidelines set forth in that section and second, whether the information sought falls within the boundaries of the nondisclosure statute. *Irons & Sears v. Dann*, 606 F.2d 1215 (D.C.Cir.1979), *cert. denied sub nom., Irons & Sears v. Commissioner of Patents and Trademarks*, 444 U.S. 1075, 100 S.Ct. 1021, 62 L.Ed.2d 757 (1980).

The nondisclosure statute which forms the basis of the Board's invocation of Exemption 3 is Section 12(d) of the Railroad Unemployment Insurance Act, 45 U.S.C. § 362(d), which provides in relevant part:

Information as Confidential

(d) Information obtained by the Board in connection with the administration of this chapter shall not be revealed or open to inspection nor be published in any manner revealing an employee's identity: *Provided however,* That . . . (ii) the Board may disclose such information in cases in which the Board finds that such disclosure is clearly in furtherance of the interest of the employee or his estate. . . .

Defendants concede that this statute does not qualify under the first part of the

of that act, 45 U.S.C. § 231f(b)(3).

proviso in Exemption 3 because the statute does not require nondisclosure "in such a manner as to leave no discretion on the issue." Rather, Section 12(d) permits the Board to release information in cases in which it "finds that such disclosure is clearly in furtherance of the interest of the employee or his estate." But, as stated in *Irons & Sears,* 606 F.2d at 1220, "the mere presence of some residual administrative discretion does not take [the nondisclosure statute] out of Exemption 3. It is quite clear that the requirements set forth in that exemption are phrased in the disjunctive, and it is therefore sufficient if either prong of the proviso is satisfied."

 Because Section 12(d) does refer to "particular types of matters to be withheld," the Court is convinced that Section 12(d) falls squarely within the ambit of Exemption 3. Moreover, the information requested by the plaintiff from the defendants, *i.e.,* the names and addresses of Connecticut residents who are contributing to the Railroad Retirement Fund, obviously would "reveal an employee's identity." Therefore, Exemption 3 provides a shield against the disclosure of such information.

While there may not be a need to review the Board's discretionary decision not to disclose under Section 12(d), *see, e.g., Goland v. CIA,* 607 F.2d 339, 350 (D.C.Cir. 1978), *cert. denied,* 445 U.S. 927, 100 S.Ct. 1312, 83 L.Ed.2d 759 (1980) ("the sole issue for decision is the existence of a relevant statute and the inclusion of the withheld material within that statute's coverage"), the Court is satisfied that the Board reasonably exercised its discretion.

The Board could easily infer that the plaintiff's main interest in obtaining the information is commercial solicitation or, at least, implicit law firm advertising. This is confirmed by the fact that at oral argument, when asked by this Court if plaintiff would "be willing to send out the pamphlet ... without the name of the law firm on it," plaintiff answered "no." Transcript of July 22, 1985 Hearing at 15–17. In addition, the front and back covers of the pamphlet in question, which were provided

after oral argument at the Court's request, give the name of plaintiff's law firm in three separate places, and the text of the pamphlet repeatedly advises the reader to contact an attorney. Several courts, in comparable situations, have sustained an agency's refusal to disclose where private individuals or groups seek information which inures primarily to their commercial, personal or business interests. *See, e.g., Minnis v. United States Department of Agriculture,* 737 F.2d 784, 787 (9 Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 2112, 85 L.Ed.2d 477 (1985); *American Federation of Government Employees v. United States Department of Health,* 712 F.2d 931, 932 (4 Cir.1983) (per curiam); *Wine Hobby USA, Inc. v. United States Internal Revenue Service,* 502 F.2d 133, 137 (3 Cir.1974).

Also, the Board, while recognizing that some railroad employees might find the plaintiff's pamphlet "interesting", expressed a concern that many other groups would request the same information as a mailing list for their literature. The Court concurs that the precedent set for the release of the names and addresses of railroad employees to the plaintiff might well enable commercial advertisers to obtain the list, subjecting the employees to an unwarranted barrage of mailings and personal solicitations. It is doubtful the Board has the power to impose effective restraints, or the means to monitor any restraints it might impose, on the range of uses to which the revealed information might be put. *See Ditlow v. Shultz,* 517 F.2d 166, 171 n. 18 (D.C.Cir.1975); *American Federation of Government Employees,* 712 F.2d at 932.

For these reasons, the Court finds that Section 12(d) is an Exemption 3 nondisclosure provision, that the information sought by the plaintiff is within the scope of that provision, and that the Board's decision not to disclose was a valid exercise of its discretion under the circumstances.

*FOIA Exemption 6*

 The Court further agrees that the Board could properly withhold the disclo-

sure under the FOIA, Exemption 6, which applies to "personnel and medical files and similar files the disclosure of which constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

The term "similar file" is to be construed broadly and includes "information which applies to a particular individual," *United States Department of State v. Washington Post Co.,* 456 U.S. 595, 602, 102 S.Ct. 1957, 1962, 72 L.Ed.2d 358 (1982), and lists of names and addresses. *Van Bourg, Allen, Weinber & Roger v. NLRB,* 728 F.2d 1270, 1272 (9 Cir.1984).

In determining whether an invasion of privacy is "clearly unwarranted," in this case, the Court must balance the employees' right to privacy against the public interest in disclosure. *See Department of the Air Force v. Rose,* 425 U.S. 352, 372, 96 S.Ct. 1592, 1604, 48 L.Ed.2d 11 (1976); *American Federation of Government Employees,* 712 F.2d at 932.

There is little doubt that a substantial privacy interest exists in a list of names and addresses. *See, e.g., Minnis,* 737 F.2d at 787; *American Federation of Government Employees,* 712 F.2d at 932; *Wine Hobby USA,* 502 F.2d at 137.

The balance of this traditional and respected right of privacy against the plaintiff's interests clearly warrants nondisclosure. As set forth hereinbefore, the release of the names and addresses of railroad employees for "mailings" by the plaintiff and others could subject the employees to the receipt of unwanted literature, and perhaps harassing phone calls. Moreover, the plaintiff's interest in "educating" railroad workers concerning their rights under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.,* can be communicated through alternative means of employee and union publications, law firm advertisements, distributions at union meetings, etc.

Under these circumstances, the Board was justified in its nondisclosure decision under the FOIA, Exemption 6.

Accordingly, the defendants' motion for summary judgment is granted; the complaint is dismissed.