29 F.3d 1349
 29 Fed.R.Serv.3d 593
 PROFESSIONAL PROGRAMS GROUP, Plaintiff-Appellant,
v.
DEPARTMENT OF COMMERCE; Ron Brown*,
Secretary of the Department of Commerce; Bruce
Lehman**, Commissioner
of Patents and Trademarks,
Defendants-Appellees.
 No. 93-55172.
 United States Court of Appeals,
Ninth Circuit.
 Submitted June 10, 1994***.
Decided July 7, 1994.
 
 Mary B. Scott, Hawes & Fischer, Newport Beach, CA, for plaintiff-appellant.
 Jon Pearson, Dept. of Justice, Los Angeles, CA, for defendants-appellees.
 On Appeal from the United States District Court for the Central District of California.
 Before: D.W. NELSON, BEEZER and KOZINSKI, Circuit Judges.
 BEEZER, Circuit Judge:
 
 
 1
 Professional Programs Group ("Professional Programs") appeals the district court summary judgment in its action seeking disclosure of documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. Sec. 552. Professional Programs alleges that summary judgment was improperly granted in favor of the government because the district court committed procedural errors in violation of local rules. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and we affirm.
 
 
 2
 * Professional Programs is in the business of offering preparation courses to lawyers who intend to take the patent bar examination. In June, 1991, Professional Programs requested that the Patent and Trademarks Office ("Patent Office") disclose, pursuant to FOIA, 5 U.S.C. Sec. 552, the names and addresses of persons registered to take the August, 1991, examination. The Patent Office's policy is to release the names and addresses of only those applicants who have passed the examination.
 
 
 3
 The Patent Office denied the request, claiming the information was exempt from disclosure under Exemption 6 of the FOIA, because it was contained in a personnel, medical or similar file and disclosure would constitute a "clearly unwarranted invasion of personal privacy." 5 U.S.C. Sec. 552(b)(6). The agency also invoked Exemption 2, 5 U.S.C. Sec. 552(b)(2), claiming the information concerned trivial administrative details of no genuine public interest. The agency denied Professional Programs' appeal, invoking Exemption 6. Professional Programs then filed a complaint seeking a writ of mandamus and declaratory relief.
 
 
 4
 On November 13, 1992, Professional Programs moved for summary judgment. The motion was set for hearing on December 14, 1992. On November 30, 1992, the defendants filed by mail their opposition to Professional Programs' motion together with a cross-motion for summary judgment. The hearing on the cross-motion also was set for December 14.
 
 
 5
 On December 7, 1992, Professional Programs filed its opposition to the cross-motion, arguing that the defendants violated Local Rule 7.4, which requires notice by mail at least 24 days before the hearing. Because the notice for the cross-motion was less than the 24-day notice period required under Local Rule 7.4, Professional Programs urged the district court to deny the defendant's cross-motion. Professional Programs argued that, under Rule 7.5, "[n]o motion will be considered by the court unless it meets the requirements of Local Rule 7."
 
 
 6
 The district court denied Professional Programs' motion for summary judgment and granted the defendant's cross-motion. The court did not address the timeliness of the cross-motion. On December 23, 1992, Professional Programs moved for reconsideration under Rule 59(e). Professional Programs filed notice of appeal while the motion for reconsideration was pending before the district court.
 
 II
 
 7
 We raise the question of jurisdiction over this appeal sua sponte. We review our jurisdiction de novo. Buffalo v. Sunn, 854 F.2d 1158, 1161 (9th Cir.1988).
 
 
 8
 To appeal a final judgment of a district court, an appellant must file a timely notice of appeal; in cases where the United States is a party, the filing must be within 60 days after entry of judgment. Fed.R.App.P. 4(a)(1). Professional Programs filed its notice of appeal while its motion for reconsideration under Fed.R.Civ.P. 59(e) was pending before the district court. Under the Federal Rules of Appellate Procedure in effect when Professional Programs filed its notice of appeal, Rule 4(a)(4) plainly stated that a notice of appeal filed during the pendency of a motion for reconsideration "shall have no effect." Thus, under the old rule the notice of appeal filed during the pendency of a Rule 59 motion was a nullity, as if no notice of appeal were filed at all. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61, 103 S.Ct. 400, 403-04, 74 L.Ed.2d 225 (1982). Professional Programs should have filed a new notice of appeal after the district court decided the motion for reconsideration. Professional Programs did not do so.
 
 
 9
 Rule 4(a)(4), however, was amended effective December 1, 1993, to provide that a notice of appeal prematurely filed during the pendency of a post-judgment motion is treated as filed on the date the district court disposed of the motion.[1] In adopting the amended rules, the Supreme Court stated that the amendments shall be applied retroactively to all appeals pending on December 1, 1993, if it is "just and practicable" to do so. 113 S.Ct. Preface 819 (Apr. 22, 1993).
 
 
 10
 This appeal was pending on December 1, 1993. We hold that it is "just and practicable" to apply the amended version of Rule 4(a)(4) to this appeal. The Department of Commerce cannot claim prejudice because it did not discover the defect in the Professional Programs' notice of appeal until this court issued an order to show cause on the jurisdiction issue. See Wallis v. J.R. Simplot Co., 26 F.3d 885, 888, 891 (9th Cir.1994). It is just to allow the parties to proceed to appeal on a case they have been working on since January, 1992, and no burden is imposed on this court by hearing the case. See id. Therefore, we conclude that Professional Programs' notice of appeal became effective on January 26, 1993, when the district court disposed of the motion for reconsideration. The appeal was timely filed within the 60-day period and we therefore have jurisdiction to decide the appeal.
 
 III
 
 11
 * Professional Programs first argues that the district court abused its discretion in granting the defendants' cross-motion for summary judgment because the defendants did not give at least 24-day notice of their cross-motion, as required under Local Rule 7.4. The rulings of the district courts regarding local rules are reviewed for abuse of discretion. Guam Sasaki Corp. v. Diana's Inc., 881 F.2d 713, 715-16 (9th Cir.1989).
 
 
 12
 Local rules have the "force of law" and are binding upon the parties and upon the court, and a departure from local rules that affects "substantial rights" requires reversal. Martel v. County of Los Angeles, 21 F.3d 940, 946-47 (9th Cir.1994). A departure is justified only if the effect is "so slight and unimportant that the sensible treatment is to overlook [it]." Id. at 947 n. 4 (quoting Allen v. United States Fidelity & Guaranty Co., 342 F.2d 951, 954 (9th Cir.1965)).
 
 
 13
 In this case, there was no departure at all from the local rules. The district court's decision to allow the cross-motion to proceed short of 24 days notice was clearly permitted by the rules. Local Rule 7.4 permits a court the discretion to "order a shorter time" than the 24-day notice period. In this case, the district court, rather than acting arbitrarily, had reason to shorten the formal notice period. Both parties signed a joint status report on October 6, 1992, stating: "It is anticipated that the plaintiff will file a motion for summary judgment, followed by defendant's cross-motion for summary judgment." Professional Programs therefore had notice of the defendants' intention to file a cross-motion more than 60 days in advance of the hearing. In light of this fact, we hold that the court did not abuse its discretion in shortening the formal notice period.
 
 B
 
 14
 Professional Programs next argues that the district court abused its discretion when it denied Professional Programs' motion for summary judgment, because the defendants did not comply with Local Rule 7.14.2, which requires opposing parties to file a "Statement of Genuine Issues" in their opposition.[2] The government filed no such document. Instead, the government filed a "Proposed Statement of Uncontroverted Facts and Conclusions of Law" in support of its cross-motion.
 
 
 15
 As noted, the district court has broad discretion to depart from the strict terms of the local rules where it makes sense to do so and substantial rights are not at stake. Id. Given that the government filed the functional equivalent of the statement required by Rule 7.14.2, we cannot say the district judge abused her discretion.
 
 C
 
 16
 Professional Programs argues that, under Rule 7.14.3, the defendants' failure to file a "Statement of Genuine Issues" requires that Professional Programs' set of facts be "admitted to exist without controversy."[3] Professional Programs contends that these uncontroverted facts establish that summary judgment should be granted in favor of Professional Programs as a matter of law.
 
 
 17
 We review the denial of summary judgment de novo. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). Viewing the evidence in the light most favorable to the non-moving party, we determine whether there are genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Gizoni v. Southwest Marine, 909 F.2d 385, 387 (9th Cir.1990), aff'd, 502 U.S. 81, 112 S.Ct. 486, 116 L.Ed.2d 405 (1991).
 
 
 18
 Under FOIA, the government at trial bears the burden of proving that the requested document is exempt from disclosure. Church of Scientology v. U.S. Dept. of Army, 611 F.2d 738 (9th Cir.1979). However, at summary judgment the moving party bears the burden of showing there is an absence of evidence to support an element that the nonmoving party must prove at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). Therefore, to prevail on its summary judgment motion, Professional Programs bears the burden of showing that there is an absence of evidence supporting the government's claimed exemption.
 
 
 19
 The government invoked Exemption 6, which exempts from disclosure any document contained in a personnel, medical or similar file if such disclosure would constitute a "clearly unwarranted invasion of personal privacy." 5 U.S.C. Sec. 552(b)(6). We evaluate four factors to determine whether disclosure constitutes a "clearly unwarranted invasion of personal privacy." Van Bourg, Allen, Weinberg & Roger v. N.L.R.B., 728 F.2d 1270 (9th Cir.1984). The factors are: (1) the plaintiff's interest in disclosure, (2) the public's interest in disclosure, (3) the degree of the invasion of personal privacy, and (4) the availability of any alternative means of obtaining the requested information. Id. In weighing these factors, the asserted private and public interests must be balanced against the degree of the privacy invasion. Id.
 
 
 20
 Assuming that Professional Programs' facts are admitted to exist without controversy, the plaintiff nevertheless has failed to show there is an absence of evidence demonstrating a "clearly unwarranted invasion of privacy." To the contrary, the evidence proffered by Professional Programs justifies the exemption.
 
 
 21
 The plaintiff's interest in disclosure is purely commercial, to obtain a list of potential customers. We have held that the FOIA "was not intended to require release of otherwise private information to one who intends to use it solely as personal gain." Minnis v. United States Dept. of Agriculture, 737 F.2d 784, 787 (9th Cir.1984). Professional Programs asserts that its interest is not purely commercial and that it plans to use the information to assist the Patent Office in improving the exam, yet it has introduced no evidence showing how it will accomplish that goal. Cf. Dobronski v. FCC, 17 F.3d 275, 278 (9th Cir.1994) (plaintiff publisher of trade journal had public as well as commercial interest in investigating whether government officials were using sick leave to take unauthorized paid vacations).
 
 
 22
 As to the public's interest, Professional Programs asserts that disclosure would allow the company to help more patent bar applicants to pass the test and that this in turn would increase the number of patent lawyers available to assist American inventors. While disclosure of the identities of patent bar applicants would serve some public interest, that interest falls outside the ambit of the public interest that the FOIA was designed to serve. See United States Dept. of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 775, 109 S.Ct. 1468, 1482-83, 103 L.Ed.2d 774 (1989). The Supreme Court recently emphasized that the only relevant "public interest in disclosure" is "the extent to which disclosure would ... 'contribut[e] significantly to public understanding of the operations or activities of the government.' " United States Dept. of Defense v. FLRA, --- U.S. ----, ----, 114 S.Ct. 1006, 1012, 127 L.Ed.2d 325 (1994) (quoting Reporters Committee, 489 U.S. at 775, 109 S.Ct. at 1483). Applying this rule to facts that resemble those before us, the Court rejected a union's request for the home addresses of unionized federal employees. The court explained that "[d]isclosure of the addresses might allow the unions to communicate more effectively with employees, but it would not appreciably further 'the citizens' right to be informed about what their government is up to.' " Id. --- U.S. at ---- - ----, 114 S.Ct. at 1013-14 (quoting Reporters Committee, 489 U.S. at 773, 109 S.Ct. at 1481). And because there was "virtually [no] FOIA-related public interest in disclosure," id. --- U.S. at ----, 114 S.Ct. at 1015, the privacy interest in home addresses easily prevailed.
 
 
 23
 The same reasoning applies here. Because the private and public interests asserted by Professional Programs are entitled to no weight, those interests are easily outweighed by the degree of the invasion into personal privacy. Individuals whose names along with other personal information are listed in government files have a privacy interest in such information. Multnomah County Medical Soc'y v. Scott, 825 F.2d 1410, 1415 (9th Cir.1987). Professional Programs seeks potentially embarrassing personal information regarding the test performance of the patent bar applicants. While the information being sought need not be personally embarrassing for it to be protected, id., the potential for embarrassment in this case clearly demonstrates that the privacy interest of the bar applicants is more than minimal. Professional Programs argues that patent bar applicants have no privacy expectation, because applicants know their names will be released by the Patent Office if they pass the test. We disagree. Patent bar applicants expect that their identities and addresses will remain private if they fail the test.
 
 
 24
 While there is no alternative means by which Professional Programs may obtain the desired information, this factor is not dispositive, particularly when alternative means such as advertising exist to further the plaintiff's commercial interests. Minnis, 737 F.2d at 788. The district court's summary judgment in favor of the government is AFFIRMED.
 
 
 
 *
 Ron Brown is substituted for Barbara Franklin pursuant to Fed.R.App.P. 43(c)
 
 
 **
 Bruce Lehman is substituted for Harry F. Manbeck pursuant to Fed.R.App.P. 43(c)
 
 
 ***
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 [1]
 The amended version of Rule 4(a)(4) provides:
 A notice of appeal filed after announcement or entry of the judgment but before disposition of any of the above motions is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal, until the date of the entry of the order disposing of the last such motion outstanding.
 Fed.R.App.P. 4(a)(4), as amended Dec. 1, 1993.
 
 
 [2]
 Rule 7.14.2 reads as follows: Statement of Genuine Issues of Material Fact by Opposing Party. Any party who opposes the motion shall serve and file with his opposing papers a separate document containing a concise "Statement of Genuine Issues" setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated
 
 
 [3]
 Rule 7.14.3 reads as follows: Determination of Motion. In determining any motion for summary judgment, the Court will assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the "Statement of Genuine Issues" and (b) controverted by declaration or other written evidence filed in opposition to the motion