83 F.3d 428
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James P. PARKER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-17096.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James P. Parker appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671-80, for failure to state a claim. Parker also appeals the district court's decisions to (1) strike an eighty-one page addendum to his amended complaint; and (2) deny his motion for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 I.
 
 3
 Parker contends that the district court erred by dismissing his complaint for failure to state a claim. We have reviewed this determination de novo, see Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1990), and we affirm for the reasons stated in the district court's order entered on November 8, 1994.[1] To the extent that Parker contends that the district court erred by dismissing his contention that Farmers Home Administration ("FmHA") employees negligently violated FmHA rules and regulations, we affirm for the reasons stated in the district court's order entered on July 31, 1992.
 
 
 4
 Parker also contends that the district court erred by dismissing his contention that a FmHA employee had assaulted him. Section 2680(h) of the FTCA, however, expressly bars "[a]ny claim arising out of [an] assault ... [not committed by] investigative or law enforcement officers...." 28 U.S.C. § 2680(h). Because Parker failed to allege in his complaint that the FmHA employee was an "investigative or law enforcement officer[ ]," the district court properly dismissed this contention from Parker's complaint. See id. (defining investigative and law enforcement officers under section 2680(h) of the FTCA).
 
 II.
 
 5
 Parker contends that the district court improperly granted defendant's motion to strike an eighty-one page addendum to his amended complaint. We review a district court's decision to strike matter pursuant to Fed.R.Civ.P. 12(f) for abuse of discretion. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir.1993), rev'd on other grounds, 114 S.Ct. 1023 (1994).
 
 
 6
 Here, the district court determined that Parker failed to satisfy the pleading requirements under Fed.R.Civ.P. 8(a)(2) and (e). The district court found that, rather than clarifying Parker's complaint, the addendum "confuses the lawsuit, and makes it difficult for defendant to provide an adequate responsive answer and defense to the allegations." We have reviewed Parker's eighty-one page addendum and conclude that the district court did not abuse its discretion by striking the addendum pursuant to Rule 12(f). See id.
 
 III.
 
 7
 Parker contends that the district court erred by denying his motion for summary judgment pursuant to the district court's local rule requiring a separate statement of specific facts relied upon by the party moving for summary judgment. We review the rulings of a district court regarding its local rules for abuse of discretion. Professional Programs Group v. Department of Commerce, 29 F.3d 1349, 1353 (9th Cir.1994).
 
 
 8
 Here, the district court properly denied Parker's motion for summary judgment. First, Parker failed to articulate in his motion how the government had harmed him through its alleged tortious conduct. Second, Parker failed to present relevant and material facts to support his claim under the FTCA. Third, the district court denied Parker's motion without prejudice and provided him with specific instructions to refile his summary judgment motion.[2] Thus, the district court did not abuse its discretion by denying Parker's motion for summary judgment. See id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Parker has not appealed the district court's partial summary judgment in favor of the government, we do not address this issue
 
 
 [2]
 We note that, despite the district court's detailed instructions, Parker subsequently failed to present a proper motion for summary judgment