85 F.3d 637
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Randall ROBERTS, as representative for
Plaintiff-Appellant Dorothy Roberts; Frederick Nunamaker,
as representative for Plaintiff-Appellant Louise Nunamaker;
* W.C. Shepherd; Robert L. Gee; Carl
Stephens, et al., Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 85-1733.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1996.
Decided May 9, 1996.
 
 1
 Before: BROWNING, BEEZER and FERNANDEZ,** Circuit Judges.
 
 
 2
 MEMORANDUM***
 
 
 3
 Harley Roberts and William Nunamaker died from leukemia in 1974 after being exposed to radioactive fallout from the venting of an underground nuclear test (code-named "Baneberry") in 1970. The legal representatives of their deceased widows (collectively "Roberts") appeal from the district court's entry of judgment for the United States. The district court found that although the Government had acted negligently, the radiation from the Baneberry test did not cause the leukemias.
 
 
 4
 The district court had jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671-80, and we have jurisdiction pursuant to 28 U.S.C. § 1291. Because the district court's findings and conclusions are not clearly erroneous, we affirm the district court's judgment.
 
 
 5
 * Although the Government does not argue on appeal that the discretionary function exception to the FTCA applies, we address this question of jurisdiction sua sponte and review it de novo. Professional Programs Group v. Department of Commerce, 29 F.3d 1349, 1352 (9th Cir.1994).
 
 
 6
 The FTCA waives the federal government's sovereign immunity when the government commits a tort. 28 U.S.C. § 2674. The discretionary function exception to this waiver bars a claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). We apply the two-part test established in Berkovitz v. United States, 486 U.S. 531, 535 (1988), to determine the applicability of the discretionary function exception. Faber v. United States, 56 F.3d 1122, 1125 (9th Cir.1995) (citing Berkovitz ).
 
 
 7
 First, we consider whether the action taken or the failure to act is a matter of choice or judgment for the acting employees. Id. "[T]he discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." Berkovitz, 486 U.S. at 536. We need not reach the second step, whether the judgment is grounded in policy, id. at 537, because the district court properly concluded that the Government's negligent failures to include a mandatory safety procedure in the Baneberry operational plan and to conduct required training violated federal policy and were not part of a deliberate judgment. Cf. In re Consolidated United States Atmospheric Testing Litigation, 820 F.2d 982, 986 (9th Cir.1987) (safety plan allowed commanding officer to permit exposure in excess of established levels), cert. denied sub nom., Konizeski v. Livermore Labs, 485 U.S. 905 (1988). The discretionary function exception does not apply.
 
 II
 
 8
 The Government moves for reconsideration of our order allowing Roberts to supplement the record on appeal. Roberts submitted a recent report by the National Research Council of the National Academy of Sciences Committee on the Biological Effects of Ionizing Radiation (BEIR), which discusses health effects of exposure to low levels of radiation. The report, BEIR V, was never considered by the district court. We do not normally supplement the record on appeal with evidence not presented to the district court, and we should not have done so here. Daly-Murphy v. Winston, 837 F.2d 348, 351 (9th Cir.1987). We vacate our earlier order and do not consider BEIR V.
 
 III
 
 9
 Roberts argues that the district court erred by denying a motion to reopen filed on May 5, 1984, fifteen months after the district court's tentative ruling on causation. We remanded to the district court for an explanation of its reasons for denying the motion, and the district court stated its reasons in an order entered in 1987. We review for abuse of discretion. S.E.C. v. Rogers, 790 F.2d 1450, 1455 (9th Cir.1986).
 
 A.
 
 10
 Roberts sought to present evidence regarding radiation dosage. The district court did not abuse its discretion in finding that Roberts did not exercise due diligence in obtaining the evidence or in finding that the evidence would not have altered its conclusions. See id. Moreover, at the recent oral argument, counsel for Roberts stated emphatically that his clients would prefer repose to a remand for the taking of new evidence on the causation issue. Because we cannot find facts, we consider this a waiver by Roberts of any contention regarding the presentation of new evidence on causation.
 
 B.
 
 11
 In a supplemental brief in support of the motion to reopen, Roberts argued for the first time that Nevada law requires the Government to bear the burden of proving that the radiation did not cause the leukemias. If an employer in Nevada fails to obtain worker's compensation insurance, that employer bears the burden in a tort action brought by an injured employee of rebutting presumptions that the employer's action was negligent and that the negligence caused the employee's injury. Nev.Rev.Stat. § 616.375(3). Roberts argues that this issue could only have been raised after our decision in Prescott v. United States, 731 F.2d 1388 (1984), where we held that an agreement between the Atomic Energy Commission and the Nevada Industrial Commission to provide workers' compensation coverage for radiation-related injuries was invalid. 731 F.2d at 1393-94. Prescott affirmed a 1981 decision by Senior District Judge Harold Foley who also presided over this case, but Roberts did not raise the issue until June 1, 1984.
 
 
 12
 In effect, Roberts asks us to find that there is no worker's compensation coverage, to employ the Nevada statutory presumption, to conclude not only that the Government failed to rebut causation but also that Roberts proved causation and to enter judgment for Roberts. This request comes too late. Roberts could have made the burden shifting argument which flows from Prescott to Judge Foley in 1981; instead, he waited until 1984, long after the trial had been completed. If Prescott had found the agreement to be valid, we would not allow the Government to argue on appeal that Roberts' action was barred by the Nevada workers' compensation scheme. Neither party raised this issue at trial, and we will not address it now.
 
 IV
 
 13
 Roberts argues that the district court's findings and conclusions are clearly erroneous in several respects. A district court's findings of fact "shall not be set aside unless clearly erroneous." Fed.R.Civ.P. 52(a). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985) (internal quotation omitted).
 
 A.
 
 14
 Roberts indicates correctly that the district court adopted the Government's proposed findings and conclusions with little alteration. Although wholesale adoption of a prevailing party's proposed findings is generally disapproved, the practice is permissible in cases involving highly technical issues. L.K. Comstock & Co. v. United Engineers & Constructors, Inc., 880 F.2d 219, 222 (9th Cir.1989). In this case, the district court affirmed its findings and conclusions in its own words in 1987 when it gave its reasons for denying Roberts' motion to reopen. The court stated: "Although not required to do so by the terms of the Ninth Circuit's limited remand, the Court has now undertaken to reexamine the substance of its January 4, 1985, order, as well as to explain the reasons supporting it."
 
 
 15
 The extensive record in this matter shows Judge Foley to be a careful judge and an active questioner at trial. He presided diligently over this and other similar cases and became very knowledgeable about the issues involved. We are not troubled by his original adoption of the Government's findings.
 
 B.
 
 16
 Roberts challenges the district court's findings regarding: the doses of radiation received by Roberts and Nunamaker, the effects of low-level radiation and the latency period for the development of leukemia. We have conducted a careful and exhaustive review of the record on these issues.
 
 
 17
 Many of the district court's findings rest on its assessment of the credibility of the expert witnesses who testified for both sides. The district court summarized its credibility determination in its 1987 order, stating that it "generally rejected" the testimony of all of Roberts' expert witnesses with the exception of Dr. Shields Warren. The court noted that the testimony of Warren which was credited largely supported the Government's position. The court credited many of the Government's expert witnesses. Because of the opportunity that district judges have to observe the demeanor of witnesses, we are particularly hesitant to set aside trial court findings based upon conflicting oral testimony. Gibbs v. Pierce County Law Enf. Support, 785 F.2d 1396, 1402 (9th Cir.1986).
 
 
 18
 Even counsel for Roberts admitted at oral argument that there was some evidence supporting every finding.[1] We find none of the district court's findings clearly erroneous. The district court found that Roberts had not established by a preponderance of the evidence and to a reasonable degree of medical certainty that the radiation caused the leukemias. This was the correct standard of proof and the conclusion has substantial support in the record.
 
 
 19
 We AFFIRM the judgment of the district court.
 
 
 
 *
 Pursuant to Federal Rule of Appellate Procedure 43(a), we hereby grant Appellants' motion to substitute James Randall Roberts for the late Dorothy Roberts and Frederick Nunamaker for the late Louise Nunamaker
 
 
 **
 Judge Thomas Tang was originally a member of this panel. He participated in earlier oral arguments and made material contributions to the preparation of this disposition. He died prior to circulation of this disposition and the last oral argument, and pursuant to General Order 3.2(g), Judge Fernandez was drawn as a replacement. Judge Fernandez was provided with the briefs and other materials received by the other members of the panel, and he participated in the oral argument
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In response to our question asking Roberts' counsel to "identify ... just one finding that Judge Foley made where you can look at the record and tell [us] with a straight face that there is absolutely no evidence to support the finding," counsel stated, "I don't think I can. I don't think there's anything for which there is absolutely no evidence."