682 A.2d 1201

LAKEWOOD RESIDENTS ASSOCIATION, INC., PLAINTIFF–RE-
SPONDENT, v. LAKEWOOD HOUSING AUTHORITY, DEFEN-
DANT–APPELLANT, AND TOWNSHIP OF LAKEWOOD, A MU-
NICIPAL CORPORATION OF THE STATE OF NEW JERSEY,
LAKEWOOD TOWNSHIP RENTAL ASSISTANCE PROGRAM
AND LAKEWOOD TENANTS ORGANIZATION, INC., DEFEN-
DANTS.

Superior Court of New Jersey Appellate Division

Argued May 20, 1996—Decided July 1, 1996.

Before Judges HAVEY, CONLEY and PAGE.

*Yvonne Marcuse* argued the cause for appellant Lakewood Housing Authority (*Wilentz, Goldman & Spitzer,* attorneys; *Brian J. Molloy,* of counsel and on the brief with *Ms. Marcuse*).

*Terrence J. Corriston* argued the cause for appellants Lakewood Township Rental Assistance Program and Lakewood Tenants Organization, Inc. (*Breslin and Breslin, P.A.,* attorneys; *Mr. Corriston,* on the brief).

*Dennis M. Galvin* argued the cause for respondent Lakewood Residents Association (*Galvin & Grisanti,* attorneys; *Mr. Galvin,* on the brief).

The opinion of the court was delivered by

HAVEY, P.J.A.D.

In this action in lieu of prerogative writs, defendants appeal from a final judgment ordering defendants Township of Lakewood, Lakewood Housing Authority, Lakewood Township Rental Assistance Program, and Lakewood Tenants Organization, Inc., to supply plaintiff with copies of all Housing Assistance Contracts (HACs) between Lakewood's Section 8 landlords and the defendant public housing authorities, or alternatively, to provide a list of

the landlords, the addresses of their properties and the federal subsidy received for each property.[1]  With regard to the HACs, the judgment requires the redaction of "all information pertaining to the tenants or the tenants' financial matters[.]"

The defendant public housing agencies manage Lakewood's Section 8 program, a federally subsidized venture administered by the United States Department of Housing and Urban Development.  It is undisputed that the local authorities maintain the HACs on file, as well as a list of the participating landlords, properties and the rent subsidies distributed under the Section 8 program.

Plaintiff demanded disclosure of the HACs or select information contained therein under New Jersey's Right to Know Law, *N.J.S.A.* 47:1A–1 to –4, and the common law.  In a comprehensive reported opinion, *see Lakewood Residents Ass'n v. Township of Lakewood,* 294 *N.J.Super.* 207, 682 *A.*2d 1232 (Law Div.1994), Judge Serpentelli determined that these documents were subject to disclosure under the Right to Know Law, provided that specific information pertaining to the identity of the tenants and the "tenants' financial matters" was redacted.  *Id.* at 224, 682 *A.*2d 1232.  He rejected defendants' argument that pertinent federal statutes and attendant regulations precluded disclosure.  *Id.* at 220, 682 *A.*2d 1232.

The judge first reasoned that the exemptions under the Freedom of Information Act (FOIA), 5 *U.S.C.A.* § 552, and the exceptions to the Privacy Act of 1974 (Privacy Act), 5 *U.S.C.A.* § 552a, affording confidentiality were inapplicable because defendants are not considered "federal agencies" under those statutes, *see* 5 *U.S.C.A.* § 551(1), § 552(e) and § 552a(a)(1); *St. Michael's Convalescent Hosp. v. California,* 643 *F.*2d 1369, 1373–74 (9th Cir.1981); *Lakewood Residents Ass'n, supra,* 294 *N.J.Super.* at 215–18, 682 *A.*2d 1232.  Alternatively, the judge concluded that even if defen-

---

[1] The Section 8 program refers to Section 8 of the United States Housing Act of 1937, 42 *U.S.C.A.* § 1437 to 1437x.

dants were deemed "agencies" subject to the federal statutes, the pertinent exemptions and exceptions under those federal laws were inapplicable to plaintiff's demand for disclosure of the HACs. *Id.* at 220, 682 *A.2d* 1232. Specifically, he rejected defendants' argument that 5 *U.S.C.A.* § 552(b)(4) of FOIA governed. *Ibid.* Section 552(b)4 exempts from FOIA "trade secrets and commercial or financial information obtained from a person and privileged or confidential." Based on the legislative history of the exemption and the federal courts' narrow application of it, Judge Serpentelli reasoned that the exemption was "intended to deal with documentary matters wholly unrelated to the HAC[s] involved here." *Id.* at 218, 682 *A.2d* 1232.

Finally, the judge rejected defendants' argument that the HACs and data fell within the exception to "public records" under New Jersey's Right to Know Law, which protects documents deemed confidential pursuant to "any Federal law, regulation or order." *N.J.S.A.* 47:1A–2. Defendants argued that two federal regulations, 24 *C.F.R.* § 750.20 (1995) and 24 *C.F.R.* § 760.20(a) (1995), preclude disclosure of the HACs. Section 750.20 provides:

> The collection, maintenance, use, and dissemination of [Social Security numbers] and [Employer Identification numbers] obtained pursuant to this part, and of any information derived therefrom, must be conducted, to the extent applicable, in compliance with the Privacy Act (5 U.S.C. 552a) and all other provisions of Federal, State, and local law.

Section 760.20(a) reads:

> The collection, maintenance, use, and dissemination of employee income information and wage and claim information under this part shall be conducted, to the extent applicable, in compliance with the Privacy Act (5 U.S.C. 552a) and all other provisions of Federal, State, and local law.

The judge rejected defendants' argument, concluding:

> The difficulty with the defendants' argument is that it urges the court to give an overly expansive reading to language which is very specific. It is evident that § 750.20 is intended (as are many other federal regulations) to protect unwarranted disclosure of social security numbers or employer identification numbers. The potential for abuse of such information is well known. However, the release of the HAC[s] with the social security number redacted by court order, will not in any way violate the regulation or subject the [Public Housing Authorities] to the feared penalties. The same can be said with respect to § 760.20. Even assuming it has

any relevance to this case given its applicability to "employee" income, wage and claim information, it is not clear how that data would be pertinent to the HAC[s] contents. The only connection is the defendants' repeated concern that tenant wage information can be surmised through the discovery that a tenant is receiving a Section 8 program subsidy. That perception will be addressed later.

[*Lakewood Residents Ass'n, supra*, 294 *N.J.Super.* at 222–23, 682 *A.2d* 1232.]

Thus, determining that the HACs were "required by law to be made, maintained or kept on file" by defendants, *N.J.S.A.* 47:1A–2, the judge deemed them subject to disclosure. *Lakewood Residents Ass'n, supra*, 294 *N.J.Super.* at 224, 682 *A.2d* 1232. He noted that plaintiff had consented to redaction of information concerning the tenants' identity and financial worth, and allowed defendants the option of providing a list of the landlords, their properties and rent subsidies in lieu of the HACs. *Ibid.* With these safeguards in place, Judge Serpentelli conceded that, notwithstanding the redactions, plaintiff "may be able to determine" the identity of the tenants and their approximate incomes. *Ibid.* However, the judge noted that "there is no clear showing that this feared result, and the 'stigma' which the defendants claim would automatically follow, is anything more than theoretical or interposed as a means to frustrate access." *Id.* at 224, 682 *A.2d* 1232. Further, the judge accepted at face value plaintiff's representation that its sole purpose in obtaining this information is to "look[ ] for potential conflicts of interest in those landlords receiving subsidy payments[.]" *Ibid.*

We affirm substantially for the reasons expressed by Judge Serpentelli is his well-reasoned opinion. We add the following comments concerning an issue raised for the first time on appeal.

Defendants now contend that 5 *U.S.C.A.* § 552(b)(6) (Exemption 6) of FOIA precludes disclosure. Exemption 6 permits the withholding of "personnel and medical files and *similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.*" (Emphasis added). Defendants note that the phrase "similar files" has been held to apply to a "wide variety of personal information." *See Professional Programs Group v. Department of Commerce*, 29 *F.*3d 1349 (9th Cir.1994)

(names and addresses of persons registered to take patent bar examination); *Federal Labor Relations Auth. v. Department of Defense,* 984 *F.*2d 370 (10th Cir.1993) (federal employees' names and home addresses); *Local 3, Int'l Brotherhood of Elec. Workers v. National Labor Relations Board,* 845 *F.*2d 1177 (2nd Cir.1988) (employer list containing employees' names, addresses, birthdates, Social Security numbers, sex, marital status, union membership, wages and tax information); *Carter v. United States Dep't of Commerce,* 830 *F.*2d 388 (D.C.Cir.1987) (files containing records of dismissed disciplinary investigations that would lead, indirectly, to the identification of current investigation subjects); and *see Lamont v. Department of Justice,* 475 *F.Supp.* 761 (S.D.N.Y.1979) (FBI internal security records containing names and identifying information of private citizens and government employees).

Defendants also stress that "watchdog" groups such as plaintiff have been denied access to records under Exemption 6 when the "public interest" in disclosure does not outweigh the significant privacy interests of others in the requested information, *Painting and Drywall Work Preservation Fund, Inc. v. Department of Housing and Urban Dev.,* 936 *F.*2d 1300, 1301 (D.C.Cir.1991), or where the public nature of the claimant's interest is doubtful, *Multnomah County Medical Soc'y. v. Scott,* 825 *F.*2d 1410, 1414–16 (9th Cir.1987).

■  "Disclosure, not secrecy, is the policy objective of FOIA." *Id.* at 1413. Under FOIA, "the strong presumption in favor of disclosure places the burden on the agency to justify the withholding of any requested documents." *Department of State v. Ray,* 502 *U.S.* 164, 173, 112 *S.Ct.* 541, 546, 116 *L.Ed.*2d 526, 540 (1991) (disclosure of names and other identifying information contained in interviews with Haitian aliens returned to Haiti held to be an unwarranted invasion of returnees' privacy, since information identified returnees, related to their marital, family and employment status and would subject them to potential mistreatment in Haiti). Thus, Exemption 6 requires the agency to demonstrate that the individual's right of privacy should predominate over the

basic policy favoring disclosure. *Id.* at 175, 112 *S.Ct.* at 547–48, 116 *L.Ed.*2d at 541. *See also Federal Labor Relations Auth., supra,* 984 *F.*2d at 374; *Multnomah County Medical Soc'y, supra,* 825 *F.*2d at 1413.

■ Generally, the federal courts consider four factors in determining whether disclosure constitutes a "clearly unwarranted invasion of personal privacy" under Exemption 6. 5 *U.S.C.A.* § 552(b)(6). The factors include: (1) the plaintiff's interest in disclosure; (2) the public's interest in disclosure; (3) the degree of the invasion of personal privacy, and (4) the availability of any alternative means of obtaining the requested information. *Professional Programs Group, supra,* 29 *F.*3d at 1354. *See also Van Bourg, Allen, Weinberg & Roger v. National Labor Relations Board,* 728 *F.*2d 1270, 1273–74 (9th Cir.1984). In any event, withholding information to prevent "speculative" harm contravenes Congress' firm policy favoring disclosure. *Carter, supra,* 830 *F.*2d at 391. "The legislative history is clear that Exemption 6 was directed at threats to privacy interests more palpable than mere possibilities." *Department of the Air Force v. Rose,* 425 *U.S.* 352, 380 n. 19, 96 *S.Ct.* 1592, 1608 n. 19, 48 *L.Ed.*2d 11, 32 (1976).

■ During oral argument before us, plaintiff abandoned its demand for disclosure of the level of rent subsidies paid on behalf of individual Section 8 families. Thus, it currently seeks only the names of the landlords and the addresses of their subsidized rental properties. Consequently, the identity of the Section 8 recipients may not be "easily" obtained by plaintiff. *Carter, supra,* 830 *F.*2d at 391. Defendants' concern that plaintiff may seek out the identity of the recipients by visiting the addresses disclosed in the HACs is of doubtful merit, particularly in view of the fact, as Judge Serpentelli observed, that plaintiff has no interest in any personal information concerning the tenants. *Lakewood Residents Ass'n, supra,* 294 *N.J.Super.* at 224, 682 *A.*2d 1232 (slip op. at 19). Defendants' claim that the identity of the tenants may be determined by use of a "reverse phone book" is

sheer speculation, given the fact that such a resource is not readily available.

Moreover, the Social Security numbers of the recipients have been redacted. Also, as stated, no financial or subsidy information will be disclosed which could form the basis upon which to calculate the tenants' gross income, the public disclosure of which could stigmatize the recipients due to their limited resources. Indeed, the public interest advanced by plaintiff focuses upon the potential conflicts of interest of the landlords, not on the financial wherewithal of the tenants. In short, absent here is the disclosure of specific "highly personal information," as in *Ray, supra,* 502 *U.S.* at 175, 112 *S.Ct.* at 547–48, 116 *L.Ed.*2d at 541, which could subject innocent third parties to public embarrassment or political retaliation and persecution. Defendants have failed to overcome the strong presumption under FOIA favoring disclosure of the redacted HACs or alternatively, lists of select information contained therein.

Affirmed.